## 4821.  KILLEBREW v. THE STATE.

There was no theory of the evidence or of the prisoner's statement at the trial which authorized his conviction of the offense of voluntary manslaughter, and the verdict finding him guilty of that offense should have been set aside on a motion for a new trial.

DECIDED MAY 20, 1913.

Indictment for murder; from Monroe superior court—Judge R. T. Daniel.  March 4, 1913.

*R. L. Williams, A. M. Zellner, Persons & Persons,* for plaintiff in error.

*E. M. Owens, solicitor-general,* contra.

POTTLE, J.  The accused was convicted of voluntary manslaughter, and his motion for a new trial was overruled.  Besides the general grounds, the motion contains assignments of error upon the ground that the evidence did not authorize an instruction upon the law relating to voluntary manslaughter, and also a ground containing alleged newly discovered evidence.  The evidence leaves in doubt the real cause of the difficulty.  From a statement made by the deceased, which was introduced as a dying declaration, it appears that the accused was angered because of some previous difficulty which had taken place between the deceased and a brother of the accused.  According to the evidence for the State the homicide was murder; the deceased was walking along the road unarmed, the accused met him, and, without any circumstances of justification or mitigation, deliberately fired at him and killed him. According to the evidence for the defendant, the deceased came down the road with a pistol in his hand, met several persons and inquired if they had seen the accused, shortly afterward met the accused in the road, threw a rock and hit him on the shoulder with it, and, about the same time, shot at the accused twice; the accused then shot once, and the deceased then fired three more times. Previously to the killing the deceased told one of the witnesses that he had a pistol and that he was going to kill the accused with it, if it was the last thing that he did.  Thereupon he left this witness, with the pistol in his hand and his coat swung over his arm.  This conversation took place on the afternoon of the killing and some two or three miles from the place where the homicide occurred.  In his statement at the trial the accused said that the deceased met him in the road and threw a rock and hit him with it, and then

commenced shooting at him, and that he then shot the accused one time. Two wounds were inflicted on the deceased; he was wounded in his side, and one finger was shot off. There is evidence that one shot could have made both wounds. From a careful examination of the evidence we are unable to find any theory upon which the accused could properly be convicted of voluntary manslaughter. The evidence for the State made out a clear case of murder, and the testimony for the defense an equally clear case of self-defense. There is nothing in the statement of the accused which would authorize a conviction of voluntary manslaughter. It is suggested by the solicitor-general that the throwing of the rock by the deceased constituted an assault, and authorized a conviction of voluntary manslaughter, upon the theory that there was a mutual combat or upon the idea that the assault was enough to excite passion. The manifest reply to this contention is that the evidence demanded a finding that the deceased shot twice at the accused before the accused shot at him. If the accused had shot and killed the deceased immediately after the throwing of the rock, the position taken by the solicitor-general would be correct. But there is no evidence which supports this theory. According to the testimony the deceased was a man of violent temper, and the accused bore a good reputation. This, doubtless, influenced to some extent the jury to return a verdict which, in the light of the evidence, can only be regarded as a compromise finding. Under repeated rulings of the Supreme Court and of this court, the accused has a right to have such a verdict set aside in order that the question whether he is guilty of murder or not guilty of any offense may be clearly submitted to the jury. It is unnecessary to pass upon the ground of the motion containing alleged newly discovered evidence. If such evidence is competent, it can be submitted to the jury on another trial.                                        *Judgment reversed.*