## P. R. Russell v. The State.

### No. 5702. Decided March 10, 1920.

#### Rehearing granted February 23, 1921.

1.—State Highway Law—Information—Complaint—Inoperative Statute.

Where, the first count of the information was drawn under Section A, of Art. 820-K, Vernon's Texas Criminal Statutes, 1918, Supplement, and charg-·· ed that the defendant did then and there drive and operate a motor vehicle upon the highway in this State in a careless manner, and did not then and there show due regard for the safety and convenience of other vehicles and traffic upon said public highway, the same charged no offense, and the provision of the statute under which it is drawn is inoperative and unenforcible, insofar as it undertakes to define an offense. Following Griffin v. State, 86 Texas Crim. Rep., 498.

2.—Same—Complaint—Informtion—Danger Signal—Valid Statute.

Where, the second count of the said information was drawn under Sub-Division F, Article 820-K, *supra*, and alleged that the defendant was then and there, while driving a motor vehicle upon a public highway in said State and county, attempting to pass another vehicle by overtaking said vehicle without then and there sounding audible and suitable signal before passing said vehicle going in the same direction, against the peace and dignity of the State, the same properly alleged an offense. It is not the passing or attempting to pass that is made criminal; it is the failure to give the signals required which is made penal; and this was sufficiently alleged in said count of the information, and sufficiently definite in the statute.

3.—Same—Insufficiency of the Evidence—Danger Signal—Motor Vehicle.

Where, upon trial of a violation of Section F, Article 820-K, Vernon's Texas Criminal Statutes, 1918 Supplement, the proof failed to show that the defendant had knowledge of the presence of the buggy which his automobile struck on the public highway, he could not be held to be guilty of an offense under said statutes in his failure to give the signal required thereby, and the conviction cannot be sustained, and the judgment must be reversed and the cause remanded.

Appeal from the County Court of Johnson. Tried below before the Honorable O. O. Chrisman.

Appeal from a conviction of a violation of Sub-Division F, of Article 820-K, Vernon's Texas Criminal Statutes, 1918 Supplement; penalty, a fine of $10.

The opinion states the case.

*F. E. Johnson,* for appellant.—Cited Wright v. State, 217 S. W. Rep., 152; Brown v. State, 49 Texas Crim. Rep., 419; Robinson v. State, 132 S. W. Rep., 944.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Hatch v. State, 174 S. W. Rep., 1064.

MORROW, Judge.—The prosecution is under Article 820k, Vernon's Texas Criminal Statutes, Supplement 1918, being Section 16 of

the Act of April 9, 1917, Chapter 207. The penalty attached to this statute is in the Act of May 19, 1917, First Called Session, Chapter 31, Section 45, and of the Act of October 10, 1917, Chapter 13, Section 45, the penalty prescribed being for the first offense not exceeding $100. Subdivision F of Article 820-K is as follows: "It shall be the duty of the person operating or in charge of an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction."

In the count in the information under this phase of the statute the following is charged: ". . . . did then and there while driving a motor vehicle upon a public highway in said State and County attempt to pass another vehicle by overtaking said vehicle without then and there sounding audible and suitable signal before passing said vehicle going in the same direction."

We do not think the information is subject to the criticism addressed to it, that it charges no offense in that the statute does not denounce an attempt to pass a vehicle. The apparent purpose of the statute is to prevent accidents or injuries by requiring that the person in charge of an approaching vehicle shall give warning before passing one which he is overtaking. The facts in the instant case show that the appellant while in the act of passing a vehicle which he overtook caused his car to strike the vehicle and injure both it and some of its occupants. It occurs to us that the statute made it his duty to sound a warning before he was in a position to collide with the vehicle he was passing, and that the fact that the passing was prevented by the collision would not take the act out of the terms of the statute. The pleading might well have been made more specific by an allegation identifying the vehicle unlawfully passed. The omission, however, we think would not have been available except upon special exception.

The appellant, it seems, at the time of the collision was driving his car at night-time without lights. The absence of lights is explained by the fact that the lights were defective and went out a number of times upon the trip which the appellant was making. The fact that he chose to drive his car at night when it was in a condition that the lights would not burn would not, as a matter of law, excuse him for the failure to give the signal required by the statute.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 23, 1921.

HAWKINS, JUDGE.—Appellant was convicted in the County Court of Johnson County for an alleged violation of what is generally known as the State Highway law, passed by the Thirty-Fifth Legislature at its regular session, and amended at its called session. In an opinion

from this court handed down March 10, 1920, the judgment of the lower court was affirmed. Appellant in due time filed a motion for rehearing, together with an argument on the motion which, while presenting no authorities for the consideration of the court, has caused us to have grave doubt as to the correctness of the original opinion.

It was charged against appellant by complaint and information in two counts that he (1) "did then and there drive and operate a motor vehicle upon the highway in this State in a careless manner, and the said P. R. Russell did not then and there show due regard for the safety and convenience of other vehicles and traffic upon said public highway;" and (2) that he "did then and there and while driving a motor vehicle upon a public highway in said State and county attempt to pass another vehicle by overtaking said vehicle without then and there sounding audible and suitable signal before passing said vehicle going in the same direction, the said P. R. Russell being then and there the person in charge of and operating said overtaking vehicle."

Appellant filed a motion to quash both counts in the information; the first count because it is indefinite and uncertain, charging no specific offense, and does not specifically define with the certainty required what particular acts or omissions will be an offense; and the second count because there is no such offense defined by the Act in question as "attempting to pass another vehicle, etc." The motion to quash both counts was overruled and exceptions reserved. Both counts were submitted to the jury and a general verdict returned. The former opinion did not discuss the first count, but was devoted solely to a review of the questions raised under the second count.

Section A of Article 820-K, Vernon's Texas Crim. Statutes, 1918 Supplement, under which it is attempted to charge an offense against appellant in the first count in the indictment, reads as follows:

"The driver or operator of any vehicle in or upon any public highway in this State, shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians and all other vehicles or traffic upon such highway, and wherever practicable shall travel upon the right hand side of such highway." The remaining portion of this section is not quoted here as not having application. It sometimes is helpful to revert to the fundamental law as stated in our Codes in order to determine questions that arise under the construction of statutes, and we find the very first article in our Penal Code provides:

"The design of enacting this Code is to define in *plain language* every offense against the laws of this State, and affix to each offense its proper punishment."

Article 3, P. C., provides: "In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

The motion of appellant's counsel to quash the first count in the information arraigns the provisions of Section A of Article 820-K in the following language:

"(1)   Said count is indefinite and uncertain and charges no specific offense against the law of this State.

"(2)   Because the language of the statute under which said count is drawn is too indefinite and uncertain in its language to define an offense under the Constitution and law of this State, and does not specifically define with that certainty the act or omission constituting such offense as is necessary to properly define the same and as is necessary to put the defendant upon notice of the particular act or omission with which he is charged and which is charged against him as a violation of the law, and said Section A of Article 820-K wholly fails to sufficiently define with that certainty required by the Constitution and law of this State the act or omission attempted to be alleged and declared an offense against the law.

"Said Article 820-K, paragraph A, undertakes to define as an offense the operation of a motor vehicle or any vehicle in a manner that is not operated in a careful manner with due regard for the safety and convenience of pedestrians and all other vehicles or traffic upon such highways, and said statute nowhere defines what shall constitute the term 'careful manner,' or nowhere defines the term 'careful,' and nowhere defines the term 'due regard,' and nowhere defines the term 'safety,' and nowhere defines the term 'convenience.'   Said statute, as written, leaving it necessarily to the opinion, judgment or speculation of the court or jury as to what would constitute "careful manner," and as to what would constitute "due regard," and as to what would constitute "safety" and "convenience," and said article and statute is therefore too uncertain, indefinite and wholly lacking in that specific accuracy necessary to charge an offense under the law of this State."

Under the articles of the Penal Code heretofore quoted, and many authorities in this State, we are constrained to hold that the criticism directed at that provision of the law under consideration is well taken. We do not deem it necessary to discuss the matter at great length, but refer to the case of Griffin v. State, 86 Texas Crim. Rep., 498, 218 S. W. Rep., 494, and the cases therein cited.   As said in that opinion, "the provision of the statute now under consideration is so framed as to be obnoxious to the rule which requires some degree of certainty in informing one accused of crime of the nature of the accusation against him."   We, therefore, hold that the trial court erred in not having sustained appellant's motion to quash the first count in the information, and hold that that provision of the statute under which the first count of the information was drawn is inoperative and unenforciable insofar as it undertakes to define an offense.   We do this with reluctance, knowing the increasing necessity of some regulations for traffic upon our highways, but feel that before a citizen shall be called upon to answer in a criminal prosecution, that the acts denounced as

offenses should not be left to speculation, but as provided in the very first article of our Penal Code, they should be defined in plain language.

Counsel for appellant insists in his argument upon motion for rehearing that the court was in error in its original opinion in not having held that the second count in the information was defective, in that he claims that the State was undertaking to prosecute appellant for an "attempt to pass" another vehicle. Subdivision F of Art. 820-K provides: "It shall be the duty of the person operating or in charge of an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction." The Legislature did not see fit, which they could have done, to have provided that it was necessary to sound audible and suitable signal before "passing or attempting to pass" a vehicle proceeding in the same direction, but we do not agree with counsel that the pleader was undertaking to charge the appellant in this case with "attempting to pass" a vehicle. It is not the "passing," or "attempting to pass" that is made criminal. It is the failure to give the signals required which is made penal, and that is what the pleader is charging. The language chosen by him perhaps in describing the offense was unhappy, but we do not think fatal to the second count in the information. The purpose of the law in that provision is not left in doubt when we take the entire law upon the subject into consideration, for in reading Section F, the one under which an offense is sought to be charged in the second count, in connection with Section D, the purpose is made plain. Section D reads as follows:

"It shall be the duty of the driver, rider, or operator of a vehicle about to be overtaken and passed, to give way to the right in favor of the overtaking vehicle on suitable and audible signal, given by or on behalf of the operator, driver or other person in charge and control of such overtaking vehicle, if such overtaking vehicle be a motor vehicle."

The purpose of the entire enactment of the Legislature upon this subject was to undertake to avoid accidents upon the public highways, and in order to accomplish that purpose to require operators of vehicles on the highways to comply with certain provisions of that statute. We are not inclined, wherever it is possible for us to do so in consonance with already well recognized principles of law, to make such holding as would in any way prevent the beneficial operation of that statute. We think a fair construction of the allegation in the second count in the information means no more than if the pleader had said that while the appellant was in charge of and operating a vehicle on the public highway, and while about to overtake another vehicle proceeding in the same direction, that the appellant failed to sound audible and suitable signals before passing said vehicle going in the same direction. We, therefore, adhere to the former opinion insofar as it was therein held that the information was not subject to the criticism addressed to it in the particulars herein mentioned, but that it does charge an offense against the law as provided in Section F of Article 820-K.

After mature consideration of appellant's motion for rehearing and the argument presented in connection therewith, and a close study of the facts as disclosed by the record, we do believe we were in error in having affirmed the judgment for the following reason: The purpose of the statute under consideration unquestionably is to cause the operator of an overtaking vehicle to sound the warning in order to avoid collision and accidents with the vehicle about to be passed or overtaken. Many reasons can be presented why it would be necessary for a signal to be given, but it is not necessary to do so here. But can it be said that the operator of a vehicle upon the public road shall be held liable for a crime for failing to do a thing when the necessity therefor was not apparent to him? As we understand the record, the undisputed evidence in this case shows that the appellant was on his way from Fort Worth to Cleburne and the lights upon his car sometime during the trip got out of order, and that they were repaired on two occasions at least while on the road. One of the young ladies who was an occupant of the buggy that was struck by the automobile, says she saw the lights of the car as it was approaching and warned the boy who was driving the buggy to turn out of the road; that upon again looking back the lights of the car had disappeared, and that she thought perhaps the car had turned off the road. The appellant himself says the lights suddenly went out, and that he had the young man who was riding with him to get out of the closed car upon the running board, and that he did so, and was seeking a suitable place to stop the car to again see if they could fix the lights. That the car was running slowly at the time of the collision there can be no question, because the fact that none of the people were seriously hurt, and the buggy only injured to the extent of about eight dollars required to repair it shows that it could not have been going at a very great rate of speed at the time of the collision. Appellant says that he did not see the buggy, and we conclude from the evidence that this is true otherwise it would be necessary to draw the inference that he deliberately run his car into the center of the back of the buggy. Now if the appellant did not see the vehicle which was in front of him and did not know it was there, and that he was about to overtake it, how could he be held liable for having committed an offense for not having given the passing or approaching signal? The idea that we are endeavoring to present might be illustrated in this way: If a house was being moved, and for some reason had been stopped upon the highway, but with room for vehicles to pass, and the operator of an automobile approaching the house being unable on account of it to see anything on the other side and that immediately after passing or while in the act of passing the house another vehicle should suddenly drive out from behind it proceeding in the same direction with the approaching vehicle, and an accident occurred, could the operator of the approaching vehicle be held to be guilty of a criminal offense for not having given the signal required by the article of the statute under constitution? We

are not undertaking to pass upon the question as to whether the appellant might or might not be guilty of a violation of some other provision of the article in question, that depending upon an issue of fact which we are not called upon to decide; but we are inclined to hold that in the absence of knowledge on appellant's part of the presence of the buggy which his automobile struck, that he cannot be held to be guilty of an offense in his failure to give the signal required by the statute.

Motion for rehearing is granted, and the case is reversed and remanded.

*Reversed and remanded.*