Frank Snider v. The State.

No. 6174.  Decided April 20, 1921.

Misdemeanor—Corporation Court—Complaint—Invalidity of Statute—Motor Vehicle.

Where, upon trial of a misdemeanor in the corporation court of the city of Terrell, Texas by complaint, the latter charged no offense against the laws of the State, because the statutes with reference to driving motor vehicles on the public highway is too indefinite to describe an offense, the motion to quash should have been sustained.  Following Russell v. State, 228 S. W. Rep., 566.

Appeal from the corporation court of the city of Terrell.  Tried below before the Honorable M. F. Cate, city recorder.

Appeal from a conviction of unlawfully driving a motor vehicle on a public highway; penalty, a fine of $50.

The opinion states the case.

*Mount & Newberry,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of a misdemeanor in the corporation court of the city of Terrell, and his punishment fixed at a fine of $50.

The charging part of the complaint against appellant was as follows: "Frank Snider did then and there unlawfully operate and drive a motor vehicle upon Moore Avenue, a public street in the City of Terrell, County of Kaufman, State of Texas, in a careless manner without regard for the safety of other vehicles and persons riding in them upon said public highway, Moore Avenue aforesaid, and did then and there back and move backwards said motor vehicle aforesaid so rapidly and with such suddenness and speed as to strike a motor vehicle in which was riding Miss Modena Roberts and did then and there strike and injure the said Miss Modena Roberts with said motor vehicle, against the peace and dignity of the State."  The sufficiency of this complaint to charge an offense under the terms of Sec. 16, Chap. 207, Acts Regular Session, Thirty-fifth Legislature, was assailed by appellant in various ways, by a motion to quash.  This court, in the recent case of Russell v. State, 88 Texas Crim. Rep., 512, 228 S. W. Rep., 566, decided at the present term, held the provisions of subdivision (a) of Sec. 16, supra, to be so indefinite as not to measure up to the requirements of a law specifically making any act an offense, we reserved and ordered dismissed a prosecution thereunder.  We are unable to differentiate the present case from the principle announced

in the said Russell case. If appellant herein operated and backed his car at a greater rate of speed than that allowed by the provisions of the highway law, or failed to sound the signals made requisite by the terms of said law, or if his act was such as to make him guilty thereunder of an aggravated assault, he should be proceeded against in a proper manner for the offense so committed.

Following the Russell case, the allegations of the complaint herein charge no offense, and the judgment is reversed and the prosecution ordered dismissed.

*Reversed and remanded.*