Ex parte LEROY DANIELS.

No. A-7264. Opinion Filed Jan. 19, 1929.
As Modified, Jan. 19, 1929.
(273 Pac. 1010.)

J. A. D. Collins, for petitioner.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges: That he is unlawfully restrained of his liberty by the sheriff of Oklahoma county, and that such restraint is based upon a commitment issued by a justice of the peace of Oklahoma City. That a complaint charging him with the crime of reckless driving was filed in said justice court, and your petitioner was arrested upon the warrant issued thereon and has been unable to make bond. That the statutes upon which said complaint is predicated, to wit, section 2, chap. 16, of the Session Laws of Oklahoma 1923, is unconstitutional and void. That petitioner has applied to a district judge of Oklahoma county for a writ of habeas corpus, which has been denied.

That part of chapter 16, Session Laws 1923, upon which the prosecution against petitioner is instituted, in part reads: "Any person * * * driving * * * any vehicle * * * designated in section 1, of this act, upon said highways shall * * * drive * * * same in a careful and prudent manner, and at a rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles. * * * No person * * * shall operate, propel or drive a motor vehicle as defined in section 1, of this act, on any highway at such rate of speed as to endanger the life or limb of any other person or persons, or the safety of any property. * * * Provided, further, that any person or persons violating any provision of section 2, of this act, shall be guilty of a misdemeanor for the first offense

and shall be fined not less than $25, nor more than $100, or imprisoned in the county jail for not less than ten nor more than thirty days, or by both such fine and imprisonment. * * *"

The amended complaint alleges that defendant, at a certain street intersection in Oklahoma City, "* * * did then and there unlawfully, wilfully and; wrongfully, drive and operate a motor vehicle upon and over the public highway and at or about the intersection of the streets hereinbefore designated, * * * in such a reckless manner and at such an excessive rate of speed and without having due regard for the safety of pedestrians or property, and in such a manner as to endanger the life and limb of other persons and the safety of their property."

The sole contention here made is that the statute in question is violative of the state Constitution as being too indefinite and uncertain to be enforceable. The contention made by petitioner is sustained by the case of State v. Lantz, 90 W. V|a. 738; 111 S. E. 766, 26 A. L. R. 894, Hayes v. State, 11 Ga. App. 371, 75 S. E. 523, and the case of Killebrew v. State, 12 Ga. App. 725, 78 S. E. 205, and to some extent by the case of State ex inf. Crow v. West Side St. R. Co., 146 Mo. 155, 47 S. W. 959; Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494; Russell v. State, 88 Tex. Cr. R. 512, 228 S. W. 566. The following cases, in principle, sustain the validity of the statute: State v. Schaeffer, 96 Ohio St. 215, 117 N. E. 220, L. R. A. 1918B, 945, Ann. Cas. 1918E, 1137; Gallagher v. State, 193 Ind. 629, 141 N. E. 347, 29 A. L. R. 1059; Com. v. Pentz, 247 Mass. 500, 143 N. E. 322; Ex parte Daniels, 183 Cal. 636, 192 P. 442, 21 A. L. R. 1172; U. S. v. Oglesby Grocery Co. et al. (D. C.)' 264 F. 691.

This court, in the case of Missel v. State, 33 Okla. Cr. 376, 244 P. 462, held invalid that portion of section

2, chap. 16, Session Laws 1923, which attempted to define a crime for any person driving a motor vehicle to approach any street intersection at a rate of speed greater than 15 miles per hour where the driver did not have an unobstructed view of at least 150 feet, as being indefinite, uncertain, and unintelligible. This, however, was for the reason that the provision requiring an unobstructed view did not sufficiently specify the condition or place of view. The operation of motor vehicles in a reckless manner, resulting in death, however, has been referred to in the case of Nail v. State, 33 Okla. Cr. 100, 242 P. 270; Mayse v. State, 38 Okla. Cr. 144, 259 P. 277; Brock v. State, 39 Okla. Cr. 162, 263 P. 1115.

This court has adopted a liberal construction in the definition of public offenses. In the case of Stewart v. State, 4 Okla. Cr. 564, 109 P. 243, 32 L. R. A. (N. S.) 505, Richardson, speaking for the court, said: "That it is the exclusive province of the Legislature to declare what shall constitute a crime, and that neither the court nor the jury have any such power, is undoubtedly true. But the statement of that fact alone furnishes no answer to the question raised. Ordinarily the Legislature speaks only in general terms, and for that reason it often becomes the duty of the court to construe and interpret a statute in a particular case for the purpose of arriving at the legislative intent, and of determining whether a particular act done or omitted falls within the intended inhibition or commandment of such statute. And the law making power in this state has laid down for the courts in section 2027, Snyder's Comp. Laws Okla., a rule for the construction of criminal statutes, as follows: 'The rule of the common law that penal statutes are to be strictly construed has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to

effect its objects and to promote justice.' Section 2020, Snyder's Comp. Laws Okla., defines a crime or public offense in substance to be an act or omission forbidden by law to which a punishment is annexed upon conviction. Now, in creating an offense the Legislature, we apprehend, may define it by a particular description of the act or acts constituting it, or it may define it as any act which produces or is reasonably calculated to produce a certain defined or described result."

In Fessler v. State, 12 Okla. Cr. 579, 160 P. 1129, this court upheld a conviction based on section 2793, Revised Laws 1910, being section 2287, Comp. St. 1921. This section provides that any person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency and is injurious to public morals, is guilty of a misdemeanor. The contention was there made that the statute was void as indefinite and uncertain. The court said: "We think the common sense of the community as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it. That the conduct of which the defendant stands charged and convicted is rendered criminal by this statute is so indubitably indicated by both common sense and common morality as to make any argument in support of such conclusion wholly superfluous."

Also in the case of Ex parte Westellison, 38 Okla. Cr. 207, 259 P. 873, a municipal ordinance was held invalid as being too indefinite and uncertain to apprise the ordinary mind what acts were forbidden, or the doing of which would constitute an offense. The prosecution in that case was on an ordinance forbidding newsboys from calling their papers in a "loud" voice. It was

there said: "The definition of a noise made by the voice as 'loud' or 'ordinary' and 'usual' is indefinite and uncertain; there is no standard of comparison or defi-nite character fixed such as to 'annoy the public generally,' or as to 'disturb the peace,' or 'to the annoyance of the inhabitants,' or like terms. * * *" It was suggested that, if a standard had been fixed such as "to disturb the public peace or public decorum" or "annoy the inhabitants," the ordinance might be upheld.

We think the statute before us is free from the objection in both the Missel Case and the Westelison Case. Here a standard of comparison is fixed at: "* * * A rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles. * * *" The terms of the statute are general, but they are sufficiently definite under the rule stated.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.