

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

(RALD C. MANN
TTORNEY GENERAL

February 23, 1939

Hon. Harold McCracken
Assistant District Attorney
Dallas, Texas

Dear Sir:

Opinion No. 0-158
Re: Corporations need not register
under Assumed Name Law.

Your letter of January 11, 1939 wherein you
ask an opinion of this Department on questions therein
set out has been referred to the undersigned for atten-
tion.

I set out the pertinent parts of your letter
as follows:

"'A domestic corporation is incorporated
to engage in a general business over the State
of Texas. It operates its places of business,
nineteen (19) of which are in Dallas County,
under a name that has no connection with the
corporate name and cannot in any way be identi-
fied with same. Its charter does not desig-
nate the particular names under which it oper-
ates its subsidiary concerns.'

"The legal question is, are the subsidiary
concerns, operated under various assumed or
business names, exempt under Article 1069 of
the Penal Code of the State of Texas? Would
there be any distinction under the same state
of facts if the corporation were a foreign cor-
poration duly authorized to do business in
Texas?"

Article 1067 of the Penal Code, Revised Civil
Statutes of 1925, reads as follows:

"No person or persons shall carry on or
conduct or transact business in this State

under any assumed name or under any designa-
tion, name, style, corporate or otherwise,
other than the real name or names of the in-
dividual or individuals conducting or trans-
acting such business unless such person or
persons shall file in the office of the county
clerk of the county or counties in which such
person or persons conduct, or transact or in-
tend to conduct or transact such business, a
certificate setting forth the name under
which such business is or is to be conducted
or transacted, and the true or real full name
or names of the person or persons conducting
or transacting the same, with the post-office
address or the addresses of said person or
persons. Said certificate shall be executed and
duly acknowledged by the person or persons so
conducting or intending to conduct said busi-
ness in the manner now provided for acknowledg-
ment of conveyance of real estate."

Article 1069 of the Penal Code of the Revised
Civil Statutes of 1925 reads as follows:

"The preceding articles in no way apply
to any corporation duly organized under the
law of this State or to any corporation or-
ganized under the laws of any other State and
lawfully doing business in this State."

There can be no doubt but that the Legislature
must have had in mind, in the passage of Articles 1067
and 1069, both inclusive of the Penal Code, the necessity
of having of record, available either in the County
Clerk's office of the county in which the business is be-
ing operated or the Secretary of State's office, an iden-
tification of the parties operating a particular business.
It is probable that the Legislature, in the passage of
Article 1069, assumed that corporations would be operated
under their correct corporate names obviating the necess-
ity that they be included within the provisions of Arti-
cle 1067. The language of Article 1069, however, is
clear and unambiguous. It will permit of no construction
other than what the wording of the statute clearly pur-
ports. It is fundamental that a court will not assume

to construe or interpret a statute if there is no necessity for it to do so. Larkin vs. Pruett Lumber Co., 209 SW 443.

It is settled by many decisions that there is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious. Trimmer vs. Carlton, 396 SW 1077, Sup. Ct. International G. N. Ry. Co. vs. Mallard, 277 SW 1051, Sup. Ct. Tex. P. Ry. Co. vs. Perkins, 48 SW (2nd) 279, Com. of App.

In cases where the law is expressed in plain and unambiguous language and its meaning is clear and obvious, the law will be enforced as it reads regardless of its policy or the justice of its execution. Weever vs. Robinson, 268 SW 133.

The rule of statutory construction is clearly stated in Black on Interpretation of Laws (2nd Ed.) page 45, as follows:

"If the language of the statute is plain and free from ambiguity and expresses a single definite and sensible meaning, the meaning is conclusively presumed to be the meaning which the Legislature intended to convey. In other words, a statute must be interpreted literally. Even though the court should be convinced that some other meaning was really intended by the lawmaking power, and even though the literal interpretation should defeat the very purposes of the enactment, still the explicit declaration of the Legislature is the law and the courts must not depart from it."

The rule of statutory construction is affirmed in Winder vs. King et al, 297 SW 689, and affirmed in 1 SW (2nd) 587.

It is, therefore, the opinion of this Department and you are so advised that Article 1067 does not require a corporation operating under various assumed or business names to register with the County Clerk of

Hon. Harold McCracken, February 23, 1939, Page 4


the county in which such business is being conducted.
There would be no distinction under the same state of
facts if the corporation were a foreign corporation
duly authorized to do business in Texas.

Trusting that this satisfactorily answers
your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS