

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Gerald C Mann

W~~XXXXXXXXXXXXX~~XXXXX

ATTORNEY GENERAL

Hon. Jerry Sadler, Commissioner
Hon. Olin Culberson, Commissioner
Railroad Commission of Texas
Austin, Texas

Gentlemen:

Attorney General's Opinion No.
0-3249
Re: Authority under Article
1690b, V.A.P.C., to prose-
cute a person criminally
for violating a rate order
passed by the Railroad Com-
mission under Section 4a of
Article 911b, V.A.C.S.

This is in answer to your request for an opinion on the question of whether or not a person can be prose-cuted criminally for violating a Railroad Commission order fixing rates for motor carriers. Your request reads as follows:

"Your attention is called to the attached letter dated March 5, 1941, addressed to James R. Kilday by George E. Hughes, to which said letter there is attached a proposed complaint for use in filing criminal charges against motor car-riers for violating the rate structures of the Commission.

"Your opinion is respectfully requested as to whether or not such complaints, if and when filed, will be good or whether the Commission and the State are limited to civil proceedings when such rate structure is violated."

The statutes authorizing the regulation of motor carriers by the Railroad Commission of Texas, and providing

for remedies and procedure in case of violations, are codified as Articles 911a and 911b of Vernon's Annotated Revised Civil Statutes of Texas and Articles 1690a and 1690b of Vernon's Annotated Penal Code. Said statutes were originally passed as follows: House Bill 270, Fortieth Legislature, Regular Session, 1927; House Bill 654, Forty-first Legislature, Regular Session, 1929; House Bill 155, Forty-first Legislature, First Call Session, 1929; House Bill 335, Forty-second Legislature, Regular Session, 1931; and House Bill 25, Forty-seventh Legislature, Regular Session, 1941.

Section 4a of said Article 911b, Vernon's Annotated Revised Civil Statutes of Texas, reads as follows:

"The Commission is hereby vested with power and authority and it is hereby made its duty to supervise and regulate the transportation of property for compensation or hire by motor vehicle on any public highway in this State, to fix, prescribe or approve the maximum or minimum or maximum and minimum rates, fares and charges of each motor carrier in accordance with the specific provisions herein contained, to prescribe all rules and regulations necessary for the government of motor carriers, to prescribe rules and regulations for the safety of operations of each of such motor carriers, to require the filing of such monthly, annual and other reports and other data of motor carriers as the Commission may deem necessary, to prescribe the schedules and services of motor carriers operating as common carriers, and to supervise and regulate motor carriers in all matters affecting the relationship between such carriers and the shipping public whether herein specifically mentioned or not."

Paragraphs (a), (b) and (c) of said Article 1690b, Vernon's Annotated Penal Code of Texas, reads as follows:

"(a) Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with

any lawful order, decision, rule or regulation,
direction, demand, or requirement of the Commission
shall be guilty of a misdemeanor and upon conviction
thereof, shall be punished by a fine of not less than
Twenty-five Dollars ($25.00), nor more than Two
Hundred Dollars ($200.00), and the violations
occurring on each day shall each constitute a sep-
arate offense.

"(b) Every officer, agent, servant or employee
of any corporation and every other person who vio-
lates or fails to comply with or procures, aids or
abets in the violation of any provision of this Act
or who violates or fails to obey, observe or comply
with any lawful order, decision, rule or regulation,
direction, demand or requirement of the Commission
shall in addition be subject to and shall pay a
penalty not exceeding One Hundred Dollars ($100.00),
for each and every day of such violation.  Such
penalty shall be recovered in any Court of competent
jurisdiction in the county in which the violation
occurs.  Suit for such penalty or penalties shall be
institued and conducted by the Attorney General of
the State of Texas, or by the County or District
Attorney in the county in which the violation occurs,
in the name of the State of Texas.

"(c) Upon the violation of any provision of this
Act, or upon the violation of any rule, regulation,
order or decree of the Commission promulgated under
the terms of this Act, any District Court of any county
where such violation occurs shall have the power to
restrain and enjoin the person, firm or corporation
so offending from further violation the provisions
of this Act or from further violating any of the
rules, regulations, orders and decrees of the Commis-
sion.  Such injunctive relief may be granted upon
the application of the Commission, the Attorney General
or any District or County Attorney.  No bond shall
be required when such injunctive relief is sought upon
the application of the Commission, Attorney General or
any District or County Attorney.  Such relief may be granted
in suits for penalties as provided in subdivision (b) of
this Section, but a suit for penalty shall not be a
condition precedent to the injunctive relief provided
by this subdivision."

That part of said Article 1690b, quoted above which uses
the term "this Act" has reference to Section 4(a) of said
Article 911b, quoted above, because said above quoted part
of Article 911b and said above quoted part of Article 1690b
are parts of the same act of the Legislature, to-wit, House
Bill 335, Forty-second Legislature, Regular Session, 1931.

The problem we are confronted with in answering
your question is whether or not a criminal prosecution can
be maintained under the terms of said above quoted part of
Article 1690b, V.A.P.C., for the violation of a Railroad
Commission rate order passed under the authority and terms
of said above quoted part of Article 911b, V.A.C.S.

We are faced with the fact that insofar as rate
violations are concerned said Article 911b, V.A.C.S., does
not define the offense or act prohibited or the act required
to be done, that is, it is not defined by the statute's own
words, but we must look to what the Railroad Commission has
done with reference to orders on rates. We will not go
into the question of whether or not this is an unlawful
delegation of legislative power to the Railroad Commission,
because we believe our question is controlled by Articles 1
and 3 of the Penal Code of Texas. Article 1, P. C., reads
as follows:

"The design of enacting this Code is to define
in plain language every offense against the laws of
this State, and affix to each offense its proper
punishment."

Article 3, P.C., reads as follows:

"In order that the system of penal law in force
in this State may be complete within itself, and that
no system of foreign laws, written or unwritten, may
be appealed to, it is declared that no person shall
be punished for any act or omission, unless the same
is made a penal offense, and a penalty is affixed
thereto by the written law of this State."

The statutes in question, to-wit, Article 911b,
V.A.C.S., and Article 1690b, V.A.P.C., were passed after the
passage of said Articles 1 and 3, P. C.; but, in view of
previous decisions of the Court of Criminal Appeals of Texas,

we believe said Articles 1 and 3, P. C., remain in full force and should be given effect in deciding the validity and operation of said Article 911b, V.A.C.S., and Article 1690b. Russell v. State, 88 Tex. Cr. R. 512, 228 S.W. 566; and 12 Tex. Jur. 226, 230.

We construe the Texas cases to hold that "in order to constitute a crime, the act condemned must be defined with such certainty that the citizen is able to know in advance from the written statute what is the act or omission which is made criminal." Graham v. Hines, (Tex. Ct. Civ. App.) 240 S.W. 1015. We do not believe that a statute which allows a commission, a board or an individual person to prescribe rules fixing the act or ommission constituting the offense, as in the case under consideration, meets the rules of certainty required by the Texas criminal law. A case similar to the case under consideration is that of Ex parte Wilmoth, 125 Tex. Cr. R. 274, 67 S.W. (2d) 289, in which the court said:

"Appellant asserts that the quoted section of the ordinance is unconstitutional; his position being that, under the terms of the ordinance, the power to prescribe the size and design of the tax-imeter required to be installed has been delegated to the chief of police. Looking to the ordinance, it is clear that the size and design of the taximeter is not disclosed....

"* * *

". . .a completed law, if penal in its effect, must define the act or omission denounced as criminal with some degree of certainty. Ex parte Leslie, 87 Tex. Cr. R. 476, 223 S.W. 227

"The statement of the case appears to make self-evident the proposition that the section of the ordinance under discussion attempts to delegate to the chief of police lawmaking power. This being the case, such section is obnoxicus to the constitutional requirements, and, in conformity with the announcement of the decisions, must be held invalid.. . . .

"* * *

"* * *

"Counsel for the city have referred this court to many judicial decisions of the federal and state courts in support of the contention that the ordinance in question does not offend against the general rule which declares that the power to make laws is a function of the lawmaking body and that such power cannot be delegated to others. The cases cited relate to matters of a civil nature, and are therefore not available as precedents in regard to a penal offense. Such of the cases cited which apparently sustain the delegation of power are from the federal courts, in which the rule has been relaxed to some degree. . . .

"The relaxed interpretation of the rule has not been followed under any of the statutes or decisions in this state, particularly in their application to the penal laws. The statutes applicable are the following:

'The design of enacting this Code is to define in plain language every offense against the laws of this State, and affix to each offense its proper punishment.' Article 1, P.C.

'In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State.'"

In the case of Ex parte Leslie, 87 Tex. Cr. R. 476, 223 S.W. 227, the court held that a criminal prosecution could not be maintained under a statute which made it an offense to fail to dip cattle "in such manner as directed . . . by the Livestock Sanitary Commission." In the case of Ex parte Humphrey, 92 Tex. Cr. R. 501, 244 S.W. 822, the court held that a person could not be prosecuted under a statute which required that all packages of foodstuff contain the weight of the contents before being sold, "provided, however, that reasonable

varations may be permitted and tolerances and exemptions allowed . . . by the Commissioners of Markets and Warehouses." In the case of Dockery v. State, 93 Tex. Cr. R. 220, 247 S.W. 508, a criminal conviction under the statute requiring the erection of fire escapes by building owners was held invalid on the ground that the statute was too uncertain because of a provision which said that the state fire marshall was "to prepare and promulgate minimum specifications for the construction and erection of each type of fire escape authorized by this act." The decision in each of the three foregoing decisions was based primarily on the proposition that the statute did not define the act or omission for which the punishment was assessed with enough certainty to meet the requirements of Articles 1 and 3 of the Penal Code.

This opinion is intended to deal only with criminal prosecutions for violations of rate orders. We are not passing on the question of maintaining civil penalty suits for rate order violations or enforcing rate orders by injunction. Our answer to your question is that a criminal prosecution cannot be maintained against a person for violating a rate order passed by the Railroad Commission under Section 4a of Article 911b, V.A.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By:   /s/
           Cecil C. Rotsch
           Assistant

CCR:fs

APPROVED SEP 2, 1941

/s/
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE

BY   /s/
     CHAIRMAN