

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 16, 1974

The Honorable John Lawhon
District and County Attorney
P. O. Box 44
Denton, Texas 76201

Opinion No. H- 349

Re: Applicability of Texas Fire
Escape Law, Art. 3955 et seq.,
V. T. C. S., to construction of
new school building.

Dear Mr. Lawhon:

You have requested our opinion concerning certain provisions of
the Texas Fire Escape Law, Arts. 3955 et seq., V. T. C. S., and their
applicability to the construction of a new three story school building.
Subparagraphs a, and d, of Art. 3959, V. T. C. S., under the title "Number
and Types of Fire Escapes Required," expressly require all school
buildings of three stories or more to have an interior fire escape for
every 250 pupils or major fraction thereof housed above the first floor.
The design and specifications for interior fire escapes are contained in
subparagraph b. under the title "Description of Fire Escapes," Art.
3959, V. T. C. S., and Art. 3966, V. T. C. S.

You first ask whether compliance with the requirements established
in these provisions of the Fire Escape Law is necessary when they are at
variance with local building codes which have been enacted by a city in which
a new school building is to be constructed.

The law on this point is clear. "[N]o charter or any ordinance
passed under said charter shall contain any provision inconsistent with
the Constitution of the State, or of the general laws enacted by the legis-
lature of this State . . . " Art. 11, § 5, Texas Constitution. The charter
powers of a home rule city are subject to the limitation that its charter
and ordinances shall contain nothing inconsistent with the general laws

p. 1625

enacted by the Legislature.  Brown Cracker & Candy Co. v. City of
Dallas,  137 S. W.  342 (Tex. 1911); Janus Films, Inc. v. City of Ft.
Worth,  354 S. W.  2d 597 (Tex. Civ. App., Ft. Worth 1962, writ ref'd.
n. r. e.); City of Ft. Worth v. McDonald, 293 S. W. 2d 256 (Tex. Civ.
App., Ft. Worth 1956, writ ref'd. n. r. e.).  Consequently, when local
or municipal building codes are at variance with the Texas Fire Escape
Law the latter is controlling and compliance with its provisions is
mandatory.

In your second question you ask what is meant by the require-
ment that one fire escape be provided for every "250 pupils or major
fraction thereof housed in the building above the first floor." Art. 3959,
subparagraph a,  V. T. C. S.  "Number and Types of Fire Escapes Re-
quired."

The 1941 Texas Fire Escape Law is a remedial statute in that it
was passed to further an object of public concern.  International &
G. N. Ry. Co. v. Mallard, 277 S. W. 1051 (Com. App. 1925, judg. adopted).
Therefore it is to be liberally construed to effectuate its purpose.  53
TEX. JUR. 2d Statutes § 19.  In order to best protect pupil occupants from
the danger of fire the number of pupils for whom fire escapes must be
provided should be determined on the basis of the maximum number which
would be housed above the first floor at any time.  This maximum number
would usually be equivalent to the total capacity of those floors above the
first.  Since "major fraction thereof" means a majority, one fire escape
must be provided if this capacity is between 126 and 375 inclusive, two
if between 376 and 625 inclusive, etc.

Your third question is:

> If there is more than one fire escape (or
> fire stair), are all such stairs required to
> extend through the roof as is written in the
> 1941 Texas Fire Escape Law.

Having determined that the state statutes are controlling, we must answer in the affirmative, as Art. 3966, "Interior Type," (6) specifies that "All interior stairway type fire escapes . . . shall extend through [the] roof of the building . . . " (Emphasis added).

## SUMMARY

The Texas Fire Escape Law prevails over local or municipal building codes; therefore in each new three story school building one interior fire escape which extends through the roof must be provided for every 250 pupils or major fraction thereof housed above the first floor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg