# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS



Gerald C. Mann
~~OF COUNSEL~~
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Opinion No. O-3521

Dear Sir:

Re: Construction of statutes imposing speed limits "within or through any town or village not incorporated".

Your recent request for an opinion of this department has been received and considered. We quote from your request:

"Will you please advise this office as to your interpretation of House Bill No. 77, An Act to amend Section 6 of Article 827a, as to the part of the said Act that provides as follows:

"'That it shall be unlawful to drive or operate a motor or other vehicle within the corporate limits of an incorporated city or town, or within or through any town or village not incorporated, at a greater rate of speed than thirty (30) miles per hour.'

"Here in Jefferson County we are confronted with this situation: The city of Beaumont and also the city of Port Arthur have many outlying residential districts that are not in the incorporated city limits of either of said towns, but are a continuation of the said towns and a part of them, but have not been brought into the city limits. Would the Section providing for unincorporated towns or villages apply here in these cases, which section provides for thirty (30) miles per hour maximum, or would the provision of public highways, that sets a rate of sixty (60) miles per hour, apply as to these outlying districts?

"We would also appreciate your sending us a copy of your interpretation or opinion in regard to any other part of this amended act, beside the one in question, that you have given to any other county or city in this state."

The Forty-seventh Legislature enacted House Bill No. 77, which proposes to be an Act to amend Section 6, of

Article 827a, of the Penal Code of Texas, 1925, as amended, and the pertinent provisions read:

"Sec. 8. Rate and Speed of Vehicle. It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public highways of Texas at a rate of speed in excess of sixty (60) miles an hour during the daytime, or to drive or operate a motor or other vehicle at a rate of speed in excess of fifty-five (55) miles per hour during the nighttime, or drive, or operate a motor or other vehicle within the corporate limits of an incorporated city or town, or within or through any town or village not incorporated, at a greater rate of speed than thirty (30) miles per hour; provided, that it shall be unlawful to drive or operate upon said highways a commercial motor vehicle, truck-trailer, trailer, or semi-trailer as defined in this Act, at a rate of speed in excess of forty-five (45) miles per hour during the daytime, or to drive or operate said commercial motor vehicle, truck-tractor, trailer, or semi-trailer at a rate of speed in excess of forty-five (45) miles per hour during the nighttime. Provided further, that it shall be unlawful to operate any motor vehicle engaged in this state in the business of transporting passengers for compensation or hire on any highway, road, or thoroughfare not privately owned between cities, towns, and villages at a rate of speed in excess of fifty-five (55) miles per hour." (Underscoring ours)

House Bill No. 77 of the 47th Legislature was held unconstitutional by this Department under authority of the case of Katz v. State, 122 Tex. Cr. R. 231, 54 S. W. (2d) 130, in our Opinion No. O-3601, approved May 31, 1941.

Your question, however, turns upon the construction of the phrase "within or through any town or village not incorporated", which is included, not only in the clause regulating speed in H. B. 77 but in the statute it sought to amend. (Art. 827a, Sec. 8, Vernon's Ann. P. C.)

In the case of Oriental Oil Co. v. Brown, 130 Tex. 240, 106 S. W. (2d) 136, (Tex. Comm. App., 1937) reversing Civ. App. 60 S. W. (2d) 378, which was a suit for damages growing out of a collision of motor vehicles, the jury finding that plaintiff was driving at a rate of speed in excess of 20 miles per hour and that such speed proximately caused the injuries, was held by the Commission of Appeals to preclude recover, the evidence conclusively showing the accident to have occurred within a village or town, although no issue was

submitted or requested as to whether the locality was in fact within a village or town. We quote portions of the opinion written by the late Judge A. B. Martin:

"These defensive issues entitled plaintiff in error to judgment if the above quoted portion of article 827a, section 8, Vernon's Ann. P. C., is a valid statute, and the accident was shown conclusively to have happened on the street of a village or town. The quoted portion of said article was held invalid as too indefinite and uncertain, and in this we think said court erred.

"A statute in this precise language has not heretofore been construed, so far as our investigation discloses. Statutes in somewhat similar language have been many times the subject of judicial interpretation. It seems to the writer that the present subject has in modern times become equipped with evanescent recording, none of it as vague as any of the statutes discussed. It would be a useless space-consuming task to take aside and discuss them. We think that both logic and American precedents sustain our view that the statute in question is at least valid as a rule of civil conduct.

"A prosecution involving this very statute reached the Court of Criminal Appeals. The in-validity of the statute was presently not raised, in considering the appeal errors involved would remove these provisions thereby in our present decision, as it should have been of the required adequacy upon an injury will advise. See Murray v. State, 113 Tex. Cr. R. 55, 11 S. W. (2d) 921." (Underscoring ours)

After an extended discussion of the validity of the statute as a rule of civil conduct, the opinion of Judge Martin continues:

"The exact outside boundaries of a village may not be precisely defined. Just when a motorist has entered it may present a jury question, but this does not constitute a valid reason for holding the law void for uncertainty. The motorist must determine at his peril when he crosses the unmarked corporate line of an incorporated city. This law was passed for the protection of the public, not motorists, and should be sustained, unless compelling reasons exist for declaring it void."

Judge Martin also wrote the opinion in the case of Murray v. State, cited by him in the above quotation, while he was a Commissioner of the Court of Criminal Appeals.

In the case of Ex parte Kuehne, 111 Tex. Cr. R. 363, 12 S. W. (2d) 790, relator had been charged with operating a motor vehicle at an excessive rate of speed in violation of article 789, P. C. 1925, and applied to the Court of Criminal Appeals for a writ of habeas corpus, insisting the statute was so indefinitely framed as to render it inoperative to support the offense of which he was charged. While it is true that the case before the court was one wherein the locality of the alleged offense was within the limits of an incorporated city, we think the following paragraph in the opinion to be pertinent:

> "Relator takes the position that the statute forbids the operation of a motor vehicle at a rate of speed in excess of 20 miles per hour at any place within the corporate limits of a city, or within a town or village not incorporated. The article is found in title 13, 6.1, relating to 'Highways and Vehicles'. It seems to the writer that the interpretation suggested is rather a strained construction. The chapter in which the article is found, as well as the article itself, makes it plain that the subject matter is the operation of a motor vehicle upon the public highways of the state, and in the judgment of the writer, the inhibition covers a public highway, whether such runs through the country, through a city, or through a village, fixing the rate, however, at 35 miles per hour upon the highways in the country and 20 miles per hour in an incorporated city or unincorporated village. In the opinion of this court, the statute denounces the offense with which relator is charged and of which he is convicted."

It is a well-established rule of law that where an enactment of the legislature is so vague, indefinite and uncertain that the courts are unable to determine with a reasonable degree of certainty what is meant by the language employed, it will be declared to be inoperative, void and of no effect. 5 Am. Jur. 541 § 41; 42 C. J. 626 et seq.; 12 Tex. Jur. 228, et seq; Penal Code of Texas, Arts. 1, 6, 7. This principle has been said to obviously apply to indefiniteness as to locality in an automobile speed regulations in criminal cases. 5 Am. Jur. 542, § 43.

In the case of Ex parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478, 26 A.L.R. 891, a statute forbidding the driving of a motor vehicle at more than a specified speed

upon a highway where the territory contiguous thereto "is closely built up", was held void for indefiniteness as to territory, and the court said:

"The expression 'territory contiguous thereto', referring to a highway, might with reason be held to refer to the land lying immediately upon or adjacent to such highway, but the other expression in said statute relating to such territory, i.e., 'closely built up', seems to us unavoidably open to the objection that it is of such doubtful construction and is so indefinite as to make impossible any standard of construction which might be applied to his own acts by the operator of a motor vehicle, or to such acts by a judge or jury called upon to decide whether such operator has offended against this law. What definition should be given to the expression under discussion would likely be answered by as many different standards as might make up the number of those to whom such inquiry be referred. Does one house to a block, or two houses to every 300 feet, or four houses to every quarter of a mile of such adjacent territory, measure up to the proposition of 'thickly built up'? Doubtless the city driver of the car or the city judge or juror trying the case would make answer as to what was territory thickly built up widely different from such person if he happened to hail from a village, and probably the definition given by the latter would not agree with that of a person who dwelt in the populous rural district nor his definition with that of a man who felt himself crowded by neighbors a few miles distant. . . .

"The question recurs: How can one operating a motorcar know or determine that that part of the highway on which he is in thickly built up? Without some judicial or legislative definition, construction, or interpretation of the expression 'thickly built up', it is clear that such operator cannot know or answer to himself the question. If this court should attempt to say that by such expression is meant territory where houses are within so many feet or yards of each other, or that one rule should apply in a village, town, or the resident portion of a city, where there are so many houses to the block or square, and that a certain rule should obtain in the country where houses are located at such and such distances apart, we would thus be usurping legislative functions, which we are forbidden to do and must decline to do. There

are many authorities cited by the cases above mentioned, and, a discussion of these would not seem to us to make plainer the failure of the statute under consideration to comply with the rule contained in article 6, supra, nor with the general requirement that a law must be written in such intelligible terms as to apprise every citizen of the nature and character of an act thus made penal with sufficient certainty to enable him to avoid the doing it. . . ."

See also Ex parte Curry, 96 Tex. Cr. R. 3, 255 S. W. 730; Ex parte Carrigan, 92 Tex. Cr. R. 309, 244 S. W. 604.

We recognize that by virtue of the reasoning employed in the Slaughter case, supra, there may be some question as to whether the Court of Criminal Appeals would hold the terminology "within or through any town or village not incorporated" immune to direct attack for uncertainty or indefiniteness. However, as we see it the language of Judge Martin in the Oriental Oil Co. case, supra, would strongly indicate that the statute is constitutional and valid.

In any event, one of the cardinal rules of statutory construction is that every reasonable doubt as to the validity of legislation duly enacted by the legislative branch of the government must be resolved in favor of sustaining it. See Logan v. State, 54 Tex. Cr. R. 74, 111 S. W. 1028; Ex parte Allison, 48 Tex. Cr. R. 634, 90 S. W. 492, 3 L.R.A. (N.S.) 622; Baker v. State, 132 Tex. Cr. R. 527, 106 S. W. (2d) 308; Cooley's Constitutional Limitations, 8th Ed., Vol. 1, p. 371.

We quote from our Conference Opinion No. 3081:

"This department, when called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be resolved in favor of the legislative action and the act sustained'. The above is particularly true when a criminal law is being considered."

If the portion of the statute under consideration be held constitutional (and in view of the authorities above

quoted we think it probably is), it is clear that whether a motor vehicle is operated within an "unincorporated town or village" is a fact question to be determined from the evidence adduced. If the facts should clearly show that the statute was violated, a conviction would be upheld, otherwise the conviction would be reversed because of the insufficiency of the evidence.

It is our opinion that yours is primarily a fact question for the determination of the court and jury, dependent upon the proof adduced upon each trial.

In accordance with your request, we are enclosing copies of opinions which this department has written construing the new speed law. As stated above, House Bill No. 77 of the present legislature was held to be clearly in violation of Section 35, Article III, of the Constitution. (Our Opinion No. O-3401). Since the rendition of same, however, House Bill No. 1074, identical in substance to House Bill No. 77, has been passed by both Houses of the Legislature and approved by the Governor. As this bill was approved, your question is pertinent for the language we discuss in this opinion appears in Article 827a, Section 8, Vernon's Annotated Penal Code, as well as in each of the mandatory acts passed by the Forty-seventh Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Benjamin Woodall
Assistant

APPROVED JULY 12, 1941
(Signed) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

BW:mp:jrb

This opinion considered and approved in limited conference.