## WILL VENN v. THE STATE.

### No. 5279. Decided April 2, 1919.

**1.—Local Option—Plea to Jurisdiction—Void Statute—Repeal.**

A void Act of the Legislature cannot and does not repeal existing valid statutes, and where the defendant pleaded to the jurisdiction contending that state-wide prohibition repealed the local option law, claiming the right to elect under which statute he should be tried and demanding a trial under the state-wide prohibition Act, his plea was therefore correctly overruled, as the state-wide prohibition Act has been declared unconstitutional. Following Ex parte Myers, 207 S. W. Rep., 100, and other cases.

**2.—Same—Jury and Jury Law—Challenge for Cause.**

Where the defendant claimed that three of the jurors had served on a previous case against the defendant and had found him guilty, and therefore challenged them for cause, but it appeared that the two cases were not based upon the same or similar facts the challenge was correctly over ruled. Following Edgar v. State, 59 Texas Crim. Rep., 252, and other cases.

**3.—Same—Motion for Rehearing—Challenge for Cause.**

Where the cases were different both as to the facts and the time, and originated under different circumstances, the mere fact that defendant was the same in both cases would not render it similar in nature under the circumstances stated, and the court correctly overruled the challenge that some of the jurors had served on a previous case who found defendant guilty.

Appeal from the County Court of Upshur. Tried below before the Hon. W. H. McClelland, judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50, and thirty days confinement in the county jail.

The opinion states the case.

*Briggs & Florence,* for appellant.—On question of jurisdiction: McInturf v. State, 20 Texas Crim. App., 335; Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118; Johnson v. State, 72 Texas Crim. Rep., 178, 161 S. W. Rep., 1098; Ybarra v. State, 73 Texas Crim. Rep.. 70, 164 S. W. Rep., 10; Robins v. State, 73 Texas Crim. Rep. 367, 166 S. W. Rep., 528.

On question of challenge for cause: Sessions v. State, 38 S. W. Rep, 605; Smith v. State, 61 Texas Crim. Rep., 328, 135 S. W. Rep., 154, and cases stated in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This conviction was had in the County Court of Upshur County for violating the local option law. It being a misdemeanor, the prosecution was brought by complaint and information.

Appellant interposed a plea to the jurisdiction based upon the proposition that the Act of the recent Called Session of the Legislature enacting State-wide prohibition thereby repealed the local option law and its operation. The basis of this plea to the jurisdiction was that he, under those conditions, had the right to elect under which statute he should be tried, and demanded a trial under the State-wide prohibition act instead of local option statute. The court overruled the plea. Had the State-wide act been constitutional, another question would have been presented, but said Act is unconstitutional. See Ex parte Myers, 207 S. W. Rep., 100; White v. State, and Jarrott v. State, recently decided. A void Act of the Legislature cannot and does not repeal existing valid statutes, and, therefore, the void statute not being operative would furnish no ground for an accused to elect under which act he would be prosecuted, or to elect as to which punishment should be inflicted in case of a conviction. The court, therefore, did not err in overruling appellant's contention.

Challenge for cause was urged against three jurors who had served in a previous case against appellant in which a verdict of guilty had been rendered. The theory of the cause of challenge was that the jurors were not fair, and were either biased or prejudiced, or had come to some conclusion as to defendant's guilt by reason of the facts in the prior case. Had the two cases been based upon the same or similar facts, the challenge for cause should have been sustained, but if not the court correctly overruled the challenges. See Segars v. State, 35 Texas Crim. Rep., 45; Oberchain v. State, 35 Texas Crim. Rep., 490; Arnold v. State, 38 Texas Crim. Rep., 1; Irvine v. State, 55 Texas Crim. Rep., 347; Edgar v. State, 59 Texas Crim. Rep., 252. A number of other cases could be cited to the same effect. There is a line of cases holding that where the facts are the same or similar in both cases, challenge for cause should be sustained, but as the facts in this case are not similar to those had in the trial of the former case, we are of opinion that line of cases does not obtain here. The facts in this case and the prior case are not similar. The sale was at different times to different parties and under different circumstances. The evidence introduced on the former trial was not before the jury in the instant case. The jurors fully qualified by answers on their *voir dire* and the court qualified the bill by stating the facts were entirely different in the two cases, and, therefore, he overruled the challenges for cause.

As presented we are of opinion there is no such error shown under the cases above cited as would require this court to reverse the judgment; it is, therefore, affirmed.

*Affirmed.*

LATTIMORE, JUDGE.—I concur in the result reached, without expressing an opinion as to the constitutionality of the State-wide Act, which is not here necessary.

ON REHEARING.

April 2, 1919.

. DAVIDSON, PRESIDING JUDGE.—Appellant has filed a motion for rehearing alleging error in the affirmance on a former day of the term, in that the court should have sustained his exceptions to the jurors on the theory that they had tried another case similar in its nature, and, therefore, the challenge for cause should have been sustained and the jurors not permitted to sit in this case. We have gone over the matter again in the light of the motion and what was previously written. We do not know that it would add anything to what was said in the original opinion to express the views of the court with reference to the conditions as shown by the record and the exceptions. We are still of opinion it is not brought within the rules of the authorities cited by appellant; and that this was not a similar case, but a different case with different facts, occurring at a different time and under different circumstances. The mere fact that defendant was the same in both cases would not render it similar in nature under the circumstances stated.

We are of opinion the motion is not well taken and should be overruled, which is accordingly ordered.

*Overruled.*