### EX PARTE J. B. CARRIGAN.

No. 6916. Decided October 4, 1922.

**1.—Corporation Court—State Law—Automobile—Invalid Statute.**

Where relator was charged in the corporation court of the city of Austin with violating a state law, to wit, Subdivision a, Section 16, and Section 20, Acts Regular Session Thirty-Fifth Legislature, 1917, Complete Texas Statutes, Art. 820-A, and 820-O, and Art. 820-Y, for operating an automobile on the streets and highways in the said city where the territory contiguous thereto was "closely built up," and also careless and reckless driving on said streets and highways, etc., at a greater rate of speed than 18 miles per hour, the same charged no offense, for being too indefinite and vague to be enforceable. Following Ex Parte Jonischkies, recently decided, and other cases.

**2.—Same—Constitutional Law—Amendment of Statute.**

The contention that the Act of the Legislature violated Section 36, Article 3, of the constitution prohibiting the amendment of the law by reference to its title, etc., need not be decided. However, it was settled adversely to relator in Ex Parte Jonischkies, *supra*.

From Travis County.

Original *habeas corpus* proceedings asking release from arrest under a complaint lodged against relator in the Corporation Court of Austin, charging him with violation of a State law.

The opinion states the case.

*W. A.* and *W. L. Barlow*, for Relator.—Cited Ex Parte Wilson, 230 S. W. Rep., 984; Ex Parte Reed, 100 U. S., 13; Ex Parte Siebold, 100 U. S., 271; Snyder v. State, 230 S. W. Rep., 146; Russell v. State, 228 id., 566;

*R. G. Storey,* Assistant Attorney General, for the State, and J. *Bouldin Rector,* for the city.

HAWKINS, JUDGE.—Complaint was lodged against relator in the Corporation Court of Austin charging him with violating a State law. The first count alleges that he operated an automobile on the streets and highways in the said city where the territory contiguous thereto was "closely built up" at a greater rate of speed than eighteen miles per hour; the second count charges that he operated said automobile in a careless and reckless manner without due regard for the safety and convenience of pedestrians and other vehicles and the traffic upon the streets and highways. The acts complained of were denounced in Sub. a, Sec. 16 and Sec. 20, Acts, Reg. Sess. 35th Leg., 1917, and carried forward in Complete Texas Statutes as Articles 820 (K) and 820 (O). No penalty was attached to the violation of said sections by the first enactment, but the same Legislature, 1st Called Session, Chapter 31, Section 45, and 3d Called Session, Chapter 13, Section 45, (Art. 820 (YY) provided a penalty.

An original application for writ of *habeas corpus* was presented to this court attacking the validity of the Act of the Legislature providing a penalty on the ground, among others, that it violated Sec. 36, Art. 3 of the Constitution prohibiting the amendment of a law by reference to its title without re-enacting and publishing the same at length. The record before us permits a disposition of the case without the necessity of considering the question suggested. It is discussed, however, and settled adversely to relator's contention in No. 6462, Ex parte, Jonischkies, this day decided. The portion of Sections 16 and 20 (Articles 820 (K) and 820 (O) ) under which relator was charged with careless and reckless driving has already been held by this court to be invalid as too indefinite and vague to be enforceable. Russell v. State, 88 Tex. Crim. Rep., 512, 228 S. W. Rep., 566; Snider v. State, 89 Texas Crim. Rep., 192, 230 S. W. Rep., 146; Parroccini v. State, 90 Texas Crim. Rep., 320 234 S. W. Rep., 671. For the same reason that portion of Section 20 (Art. 820 (O) ) under which relator was charged in the first count with driving more than eighteen miles per hour in a "closely built up section" has been held invalid. No. 6871, Ex parte S. S. Slaughter, decided May 31, 1921 and reported in 92 Texas Crim. Rep., 212, 243 S. W. 478. The question was discussed at length in the several cases cited, and many authorities noted. To again review the matter would be useless.

It follows that relator must be discharged.

*Relator discharged.*