### R. C. Bell v. The State.

No. 20378. Delivered April 26, 1939.
On Motion to Reinstate Appeal May 24, 1939.

The opinion states the case.

*R. B. Hood,* of Weatherford, and *Martin & Moore,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.

The offense is murder; the punishment, confinement in the penitentiary for two years.

It is recited in the transcript and in appellant's brief that appellant has been released under a recognizance pending his appeal to this court. The recognizance is not revealed by the record. Under the circumstances, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Ellis Holbrook by shooting him with a gun.

The proof on the part of both the State and the appellant was to the effect that the homicide occurred while deceased and others were driving appellant's cattle from a piece of land upon which appellant had a lease. It was the State's theory that appellant shot deceased without provocation. It was appellant's theory, given support in the testimony, not only that he acted in defense of himself, but that he was defending his property at the time he shot deceased.

There was no issue as to the legality of appellant's possession of the premises from which the deceased was driving appellant's cattle. Among other things, the court instructed the jury as follows: "You are further charged that if you find from the testimony that the defendant at the time and on the

occasion in question had the forty (40) acres of land south of the road under lease for the year 1937 for the purpose of pasturing his stock thereon, then he would have the right to use and control said land and when defendant saw the deceased and other parties driving his cattle from the land in question he had a right to arm himself and go where they were and remonstrate with the deceased, Ellis Holbrook, or others in the party with reference to driving the said cattle from the premises, and he would have a right to use whatever means reasonably necessary to protect his cattle and to prevent anyone from driving them from said land, and that Ellis Holbrook, Frank Byers, Corbitt Holbrook, or either of them, had no lawful right to go in and on said land in question for the purpose of driving defendant's cattle off of said land."

Appellant excepted to the foregoing charge in language as follows:

"The defendant objects and excepts to the second paragraph contained on page 4 of said charge, wherein the court instructs the jury in substance that if they should find that the defendant had the forty acres of land south of the road under lease for pasturing his stock, he had the right to go upon said land to protect his cattle, and carry thereon his personal pistol, or other weapon, for the reason that said portion of said charge is on the weight of the evidence in that, the court thereby leads the jury to believe that there is a question under the evidence as to whether or not the defendant had said forty acres of land under lease; whereas, there is no conflict in the testimony as to the fact that the defendant did have said land under lease, and the court should instruct the jury unequivocally and without condition that the defendant had said land under lease, and had the right to go upon said land to protect his cattle, and in doing so to carry his personal pistol or other weapon."

The court should have responded to the exception. Notwithstanding there was no issue as to appellant's right of possession of the premises in question, the court left the question of the legality of such possession for the determination of the jury. In Deckard v. State, 40 S. W. (2d) 127, touching a similar charge, we said: "The opinion is expressed that the charge had no support in the evidence. It was calculated to impress the jury with the view that the court thought appellant had taken up the animals from land not belonging to him, and that, therefore, his possession was illegal. In the instruction by the court, the legality of appellant's possession

should have been assumed as a fact, as there was no evidence in the record sufficient to raise the issue that appellant did not in fact take the animals from his own field. Sims v. State, 38 Tex. Cr. R. 637, 44 S. W. 522; Sims v. State, 36 Tex. Cr. R. 154, 36 S. W. 256."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.