BETTY REID AND ED A. BECKMAN V. STATE

No. 27,977. February 1, 1956.
Appellant's Motion for Rehearing Denied
April 11, 1956.

*Dixie, Ryan & Schulman,* by *Thomas M. Ryan,* of Counsel, Houston, for appellants.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The appellants were convicted of unlawfully possessing a narcotic drug and each assessed punishment of two years' confinement in the penitentiary.

The record contains no recognizance or appeal bond and shows that the appellants have been enlarged pending the appeal.

The minutes of the court which appear in the transcript, suggesting that recognizances may have been entered into, are not sufficient. Bell v. State, 137 Tex. Cr. R. 128, 128 S.W. 2d 812; and Therrell v. State, 161 Tex. Cr. Rep. 617, 279 S.W. 2d 879.

In the absence of a recognizance or bond substantially in the form prescribed by Articles 817 and 818, Vernon's Ann. C.C.P., and the record showing that appellants are not confined in jail, we are without jurisdiction to enter any order other than to dismiss the appeal. De Hart v. State, 117 Tex. Cr. R. 176, 36 S.W. 2d 168, and Jones v. State, 159 Tex. Cr. R. 314, 263 S.W. 2d 780.

The appeals are dismissed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

A motion for rehearing was filed on February 15, 1956, wherein it was alleged that a supplemental transcript would be forwarded to this court which would show that appellant entered into the statutory form of recognizance in open court and remained out of custody thereunder.

No such showing has been made and no supplemental transcript has been filed.

Motion to reinstate appeal and for rehearing is overruled.