**Omar Blake ROWLAND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 28357.**

Court of Criminal Appeals of Texas.

Oct. 17, 1956.

On Motion to Reinstate Appeal
Jan. 30, 1957.

Rehearing Denied April 3, 1957.

Second Motion for Rehearing Denied
Oct. 9, 1957.

Writ of Certiorari Denied March 3, 1958.

See 78 S.Ct. 540.

**832**

Runge, Hardeman, Smith & Foy, by Dorsey B. Hardeman, San Angelo, for appellant.

Bill Snow, County Atty., Big Lake, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is under a complaint and information charging the driving of an automobile upon a public highway "at an unreasonable and imprudent speed under the conditions then existing, to-wit, 90 miles per hour * * *" A jury being waived, the court assessed a $50 fine.

The transcript contains no appeal bond or recognizance on appeal, though it appears that appellant was released upon a recognizance.

Under the circumstances this court is without jurisdiction. Bell v. State, 137 Tex. Cr.R. 128, 128 S.W.2d 812; Reid v. State, Tex.Civ.App., 289 S.W.2d 237.

The appeal is dismissed.

On Appellant's Motion to
Reinstate Appeal

DICE, Commissioner.

Appellant has entered into a proper appeal bond and the appeal is reinstated and will be considered.

Appellant's sole contention is that Art. 827a, Sec. 8, Vernon's Ann.P.C., as amended, Acts 1951, Chapter 346, H.B. 458, Sec. 1, 52nd Legislature, Regular Session, under which he was convicted, is unconstitutional and, therefore, his conviction cannot stand.

We need not pass upon the constitutionality of the statute as amended in 1951 by the 52nd Legislature and as further amended in 1955 by the 54th Legislature, Regular Session, Ch. 488, p. 1221, in view of the allegations of the complaint and information and the stipulation in the record that the appellant, on or about the date alleged in the information, drove a motor vehicle upon a public highway in this state at a speed in excess of sixty miles per hour. Under such stipulation, it was shown that appellant violated the provisions of the statute as amended in 1941 limiting the speed of motor vehicles driven upon the public highways of this state. Art. 827a, Sec. 8, Vernon's Ann.P.C., Acts of 1941, 47th Legislature, Ch. 506, Sec. 1, page 817. The information, among other things, alleged that appellant drove a motor vehicle upon a public highway in this state at a speed of 90 miles per hour, which was sufficient to charge a violation of the statute under the 1941 amendment and prior to its amendment in 1951 and 1955.

Under the rules of statutory construction, if the amendatory acts of 1951 and 1955 were held to be unconstitutional they did not repeal the provisions of the statute then existing.

It is the general rule that an invalid or unconstitutional act cannot repeal a valid statute. 39 Tex.Jur. Sec. 70, p. 134; Venn v. State, 85 Tex.Cr.R. 151, 210 S.W. 534; and State ex rel. Garza v. Rodriguez, Tex. Civ.App., 213 S.W.2d 877. Further, where an amendment to an act is declared invalid the original act remains in full force and effect. Consolidated Underwriters v. Kirby Lumber Co., Tex.Com.App., 267 S.W. 703; and State v. Standard Oil Co., 130 Tex. 313, 107 S.W.2d 550.

We are unable to agree with appellant's contention that the act of 1941 was repealed under the general repealing clause in the act of 1951, even though the amendatory provision of the later act be invalid and unconstitutional.

The rule in construing acts or clauses purporting to repeal other statutes is to give effect to the intention of the Legislature. Galveston & W. Ry. Co. v. City of Galveston, 96 Tex. 520, 74 S.W. 537; Parshall v. State, Tex.Cr.App., 138 S.W. 759; and Pioneer Oil & Refining Co. v. State, Tex.Civ.App., 273 S.W. 615.

In 39 Tex.Jur. Sec. 70, at page 134, the rule is stated as follows:

"Where a clause repealing an act is inserted in a later act in order to secure its unobstructed operation, and it is not clear that the Legislature intended to repeal the old act except upon the supposition that the new act would take its place, the repealing clause is properly held to fall with the act of which it is a part."

The act of 1951 did not expressly repeal the 1941 act but provided that Section 8 of the act be re-enacted and amended.

We do not think it was the intention of the Legislature, by including the general repealing clause within the act of 1951, to repeal the act of 1941 except upon the supposition that the new act would be valid and take its place. To hold otherwise would require us to conclude that in passing the act of 1951, it was the intention of the Legislature that in the event the act was invalid there would be no statute regulating the speed of motor vehicles driven upon the public highways of this state. We conclude that such was not the Legislative intent.

██ Since appellant's conviction may be sustained under the provisions of the statute prior to the amendments in 1951 and 1955, it does not become necessary to pass upon his contention herein presented. Ex parte Heartsill, 118 Tex.Cr.R. 157, 38 S.W. 2d 803; Rotner v. State, 122 Tex.Cr.R. 309, 55 S.W.2d 98; Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge (dissenting).

This court was created for the purpose of furnishing to one convicted of crime a tribunal to which he might appeal for a determination as to the legality of that conviction.

In keeping with that purpose, I now entertain and have always entertained the view that every appellant is entitled to his day in court and to have this court pass upon his appeal. Prior to the opinion in this case I could not believe this court would affirm a conviction without performing that judicial function. That, however, is exactly what has happened here. In this case, my brethren have not only failed to pass upon the appeal, but they have expressly refrained from so doing.

By this appeal, appellant claimed that the conviction was erroneous and should not be permitted to stand, for two reasons, as follows: (a) The statute under which this conviction was obtained is unconstitutional and void, and (b) the information did not allege a violation of the law, because the statute upon which it was based is void.

My brethren affirm this conviction without determining either of those contentions.

If the right of appeal means anything at all, surely it means that the appellant is entitled to have this court either sustain or overrule his contentions when those contentions are properly before this court for determination.

The action of the majority of this court in affirming this conviction without passing upon the contentions presented by the appeal is indefensible and inexcusable. It deprives this appellant of his constitutional right of appeal.

The charging part of the information upon which this conviction was obtained reads as follows:

"* * * did then and there unlawfully operate and drive a motor vehicle, to-wit: A Chrysler automobile at an unreasonable and imprudent speed under the conditions then existing, to-wit, 90 miles per hour, which was then and there a speed greater than was reasonable and prudent, on a public highway of Texas, said highway being a part of the State highway system and not situated within the limits of an incor-

porated city or town and on which the State Highway Commission, by an order entered on its minutes, had determined, upon an engineering and traffic investigation, the prima facie reasonable and prudent and safe speed limit applicable, at such time and zone or place, to be 60 miles per hour, as designated and identified by signs erected by the State Highway Commission."

The information was drawn under Art. 827a, Sec. 8, Subsection 1(a), Vernon's P. C., being Chap. 346, Acts Regular Session of the 52nd Legislature, in 1951, which will be referred to as the Act of 1951.

Appellant challenges the statute as being void and unconstitutional for the reason that it is vague and indefinite and uncertain and for that reason violates Arts. 3 and 6 of the Penal Code of Texas, and Article 1, Sec. 19, of the Texas Constitution, Vernon's Ann.St., and the due process clause of the Fourteenth Amendment to the United States Constitution; that the act creating the statute is an unlawful delegation of powers of the legislature in violation of Art. 2, Sec. 1 of the Texas Constitution; and that the act authorizes administrative agencies to suspend laws in violation of Art. 1, Sec. 28, of the State Constitution.

The validity of the information is challenged for the same reasons, as charging no offense.

My brethren decide none of those contentions. They do not decide that the statute, or the information, is or is not good, or subject to the defects urged. The conviction is affirmed upon the conclusion that if the statute is void—as appellant contends—then there was a prior valid statute (Chap. 506, Acts Regular Session of the 47th Legislature, in 1941) which will be referred to as the Act of 1941, which made it unlawful—not to do that which the information in this case charged that appellant did—but to do that which the evidence in this case showed appellant actually did.

Of course, such a holding decides absolutely nothing. The statute under which this conviction was obtained is neither sustained nor condemned. Its validity is not sustained, nor its invalidity attested. The statute, under that holding, is neither good nor bad.

My brethren rely upon the case of Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S. W.2d 106, as authorizing their holding.

In the first place, I demonstrated the fallacy—insofar as I am concerned—of the holding in that case by my dissenting opinion in Rowe v. State, Tex.Cr.App., 276 S. W.2d 296. The Gilderbloom case is wrong, and ought not to be the law. However, the Gilderbloom case does not sustain the holding of my brethren in this case.

In the Gilderbloom case, the offense was the same under both statutes—that is, the one under which the conviction was obtained and the prior statute relied upon to sustain the conviction. In other words, the allegations of the information charge an offense under either statute. The two statutes dealt with in that case differed only in the punishment authorized to be assessed. Such is not true of the two statutes here involved.

The statute under which this conviction was had (the 1951 Act) creates and defines an offense entirely different from that denounced in the prior Act of 1941. The information in this case does not charge acts which would constitute a violation of the 1941 Act.

Inasmuch as my brethren have not upheld or condemned the 1951 Act or passed upon its validity, I will not express my views upon that subject at length but will content myself by saying that, in my opinion, the Act of 1951 is void for the reasons assigned by appellant.

To my mind, the statute under which this conviction was obtained is invalid and a prosecution may not be conducted thereunder.

I will, however, express my views on the theory upon which the majority opinion

predicates the affirmance of this case: that is, the utilization of the Act of 1941 to sustain the conviction.

In the first instance, the Act of 1941 is subject to the same objection as that to which the Act of 1951 was subject—that is, the unlawful delegation of legislative power and the unlawful suspension of laws by an agency other than the legislature. The Act of 1941 authorizes, as does the Act of 1951, the complete destruction of the act there made unlawful, by authorizing administrative tribunals to change, alter, and amend at their pleasure and without prior notice the unlawful act created by the legislature.

The legislature is prohibited by Art. 2, Sec. 1, and Art. 1, Sec. 28, of the Constitution of this state from extending to those agencies the right mentioned.

Another very cogent reason exists which demonstrates the fallacy, to me, of the majority opinion.

The Act of 1951 provides, in Sections 2 and 3 of Subsection 6 of Section 8, as follows:

"If any portion of this Act is held unconstitutional by a court of competent jurisdiction, the remaining provisions hereof shall nevertheless be valid the same as if the portion or portions held unconstitutional had not been adopted by the Legislature."

"Any part of any law in conflict with the provisions of this Act is hereby expressly repealed."

It is difficult for me to conceive how that language may be interpreted or construed as not repealing the Act of 1941.

If the Act of 1951 was valid, the 1941 Act was, in all things, invalidated and superseded. If the Act of 1951 was invalid, then the Act of 1941 was repealed because that law was in conflict with the Act of 1951. Sec. 3 of Subsection 6 repealed the Act of 1941, without reference to the validity of the Act of 1951. Moreover, under Sec. 2 of Subsection 6, if everything in the Act of 1951 was invalid save and except the repealing clause, then that clause was valid and it repealed the Act of 1941. As supporting this statement, I quote from 39 Tex.Jur., Statutes, Sec. 70, at page 135, where the controlling rule is stated as follows:

"So where an act declares that its partial invalidity shall not affect other parts or sections, the repealing clause remains operative although the remainder of the act is held to be unconstitutional."

I call attention to this further defect in the reasoning of my brethren: In the state's pleading, the indictment, or the information "The offense must be set forth in plain and intelligible words." Art. 396, subd. 7, C.C.P.

Art. 397, C.C.P., requires that "Everything should be stated in an indictment which is necessary to prove."

Art. 405, C.C.P., specifies the certainty of the allegation of an indictment, as follows:

"Certainty; what sufficient.—An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

The rules with respect to allegations in an indictment and the certainty required apply also to an information. Art. 416, C.C.P.

These statutes all become material and controlling here, because the information

in this case charged a violation of the 1951 Act. The acts there charged are not made unlawful by the 1941 Act. Therefore, when my brethren affirm this conviction for an offense as a violation of the 1941 Act they do so without an information which in any manner complies with the statutes above set forth.

When appellant was called upon to plead in this case, it was to an information charging him with a violation of the Act of 1951. Nowhere, at no time, has he been called upon or given the opportunity to defend against having violated the Act of 1941. Yet he stands convicted of violating the Act of 1941, and it is that conviction which is here affirmed.

I respectfully dissent.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

In view of the contention that a section of the Act of 1941 amending Sec. 8 of Art. 827a, V.A.P.C. is subject to the same constitutional objection and exception as Section 1 of the 1951 Act, and the fact that this Court, in Hernandez v. State, 157 Tex. Cr.R. 322, 248 S.W.2d 749, without discussing or considering the constitutional questions raised, held that the 1951 Act superseded the 1941 amendment of Sec. 8 of Art. 827a, V.A.P.C., we have decided that we should consider the question of the validity of appellant's conviction as under the 1951 Act.

Subsection 1 of Sec. 8 of Art. 827a, V.A. P.C. as reenacted and amended by the 52nd Legislature 1951, p. 589, Ch. 346, reads in part as follows:

"Speed restrictions. (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, having regard to the actual and potential hazards when approaching and crossing an intersection or a railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; and in every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that requires lower speed for compliance with subsection 1(a) of this Section, the speed of any vehicle not in excess of the limits specified in this subsection or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this subsection or established as hereinafter authorized shall be prima-facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"(1) Thirty (30) miles per hour in any business or residence district for all vehicles;

"(2) Sixty (60) miles per hour during the daytime and fifty-five (55) miles per hour during the nighttime in locations other than business or residence districts for all vehicles except commercial motor vehicles, truck-tractors, trailers, or semi-trailers as defined in this Act and all motor vehicles engaged in this State in the business of transporting passengers for compensation or hire."

Other portions of the Statute provide lower prima-facie speed limits for the types of vehicles excepted in Subsection 1(b), paragraph (2) above.

"Daytime", "nighttime", "business district" and "residence district" are defined also in Subsection 1 of the Statute and it

is provided that the prima facie speed limits set forth therein may be altered as authorized in Subsections 2 and 3.

In Subsection 2 the State Highway Commission is granted authority, whenever it "shall determine upon the basis of an engineering and traffic investigation that any prima-facie speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway * * *," to determine and declare a reasonable and safe prima facie speed limit at such place, but it is further provided that the "State Highway Commission shall not have the authority to modify or alter the basic rule set forth in subsection 1(a) nor to authorize by a Commission Minute speeds for any class of vehicles in excess of the maximum values hereinbefore set forth for said class of vehicles in subsection 1(b), paragraphs (2), (3), and (4)."

The charging part of the information upon which appellant stands convicted reads as follows: "Omar Blake Rowland did then and there unlawfully *operate and drive a motor vehicle, to-wit: A Chrysler automobile at an unreasonable and imprudent speed under the conditions then existing, to-wit, 90 miles per hour, which was then and there a speed greater than was reasonable and prudent, on a public highway of Texas,* said highway being a part of the State highway system and not situated within the limits of an incorporated city or town and on which the State Highway Commission, by an order entered on its minutes, had determined, upon an engineering and traffic investigation, the prima facie reasonable and prudent and safe speed limit applicable, at such time and zone or place, to be 60 miles per hour, as designated and identified by sign erected by the State Highway Commission." (Emphasis ours.)

The italicized portion of the information charges the violation of Subsection 1 of the 1951 Act, in driving an automobile at a speed of 90 miles per hour, a speed greater than was reasonable and prudent under the conditions existing.

The Legislature has provided a 60 mile per hour maximum speed and has provided that driving a vehicle in excess of such speed shall be prima facie evidence that the speed is not reasonable and prudent and is unlawful. The Legislature has also provided that the speed for any class of vehicles in excess of such maximum (fixed in Subsection 1(b), paragraph 2) could not be authorized. Hence, the allegation that the State Highway Commission also had determined that 60 miles per hour was reasonable and prudent added nothing to and subtracted nothing from the State's pleading.

The question before us is whether the 1951 statute (Art. 827a, Sec. 8, V.A.P.C.) as applied to the driving of a vehicle upon a public highway of this State at a speed in excess of 60 miles per hour, which speed was unreasonable and imprudent under the conditions then existing, is constitutional.

The statute is attacked as unconstitutional on the ground that it constitutes an unlawful delegation of powers of the Legislature in violation of Art. 2, Sec. 1 of the Constitution of Texas.

Validity of the conviction appealed from is not affected by the provisions of the statute relating to prima facie speed limits determined and declared by the State Highway Commission.

The statute contains a provision that if any portion of the act is held unconstitutional by a court of competent jurisdiction, the remaining provisions hereof shall nevertheless be valid the same as if the portion or portions held unconstitutional had not been adopted by the Legislature.

The law alleged to have been violated by appellant rests alone upon the act of the Legislature and no action by the State Highway Commission was required, nor would the absence of such action affect the

prosecution. Under the allegations of the information the State Highway Commission had not determined that the 60 mile speed limit was "greater or less than was reasonable and safe" but had determined and declared the same speed limit as had the Legislature.

For the reasons named, the contention that the 1951 Act authorizes the State Highway Commission to suspend laws in violation of Art. 1, Sec. 28, of the Constitution of Texas will not be passed on.

The constitutionality of the statute is also questioned on the ground that it is void and unconstitutional because it is vague and indefinite.

To be consistent with the decisions and reasoning in the prior opinions of this Court we would be required to hold that the basic rule set out in Subsection 1, above quoted, standing alone and without the prima facie speed provisions is so indefinite and of such uncertain construction that it cannot stand as a penal statute. Russell v. State, 88 Tex.Cr.R. 512, 228 S. W. 566; Parroccini v. State, 90 Tex.Cr.R. 320, 234 S.W. 671; Ex parte Slaughter, 92 Tex.Cr.R. 212, 243 S.W. 478, 26 A.L.R. 891; Ex parte Carrigan, 92 Tex.Cr.R. 309, 244 S.W. 604; Ladd v. State, 115 Tex.Cr. R. 355, 27 S.W.2d 1098; Ex parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673.

Such holdings are said, however, to be against the weight of authority in other jurisdictions. Gallaher v. State, 193 Ind. 629, 141 N.E. 347, 29 A.L.R. 1062 and 1066.

Do the provisions of Subsection 1(b), fixing a maximum speed limit of 60 miles per hour and providing that any speed in excess of said limit shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful, remove the indefiniteness of the basic rule set forth in Subsection 1(a)? This is the question we are called upon to decide.

Similar statutes of other states have been upheld against the contention that they were void for uncertainty and indefiniteness. People v. Beak, 291 Ill. 449, 126 N.E. 201; Gallaher v. State, 193 Ind. 629, 141 N.E. 347, 29 A.L.R. 1059; Smith v. State, 186 Ind. 252, 115 N.E. 943; State v. Goldstone, 144 Minn. 405, 175 N.W. 892; See also Blashfield's Cyclopedia of Automobile Law and Practice, Sec. 5308.

We are cited to no authority holding to the contrary and we have found none.

In Commonwealth v. Cassidy, 209 Mass. 24, 95 N.E. 214, 216, the Supreme Court of Massachusetts construed a similar statute as requiring the court or jury to give due weight to the prima facie speed and the testimony coming from both the commonwealth and the defendant, but held the real question to be whether the speed was greater than was reasonable and proper, having regard to the traffic and the use of the way and the safety of the public, the burden being on the commonwealth to show that it was.

This, as we understand it, is true under Art. 827a, Sec. 8, of the Texas Statute.

The Massachusetts Supreme Court further held "in some cases a defendant may be convicted even if he has not exceeded the rate named in the prima facie clauses of the statute, and in some he may be acquitted even though he may have exceeded it."

We are in accord with the latter statement, but express no opinion on the question of whether one may be convicted under the Texas statute who does not exceed the prima facie limit. That question is not before us, appellant having admittedly driven at a speed in excess of 60 miles per hour, the maximum prima facie speed limit fixed by the Legislature *and at a speed greater than was reasonable and prudent under the conditions existing at the time and place.*

The Indiana statute upheld by the Supreme Court of that state in Gallaher v. State, 193 N.E. 629, 141 N.E. 347, 29 A.L.R. 1059, and in Smith v. State, 186 Ind. 252,

115 N.E. 943, provides that no person shall drive or operate a motor vehicle upon any public highway in that state at a speed greater than is reasonable or prudent, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person and provides that if the rate of speed of a motor vehicle upon any public highway outside the limits of an incorporated city, town or village, *exceeds the rate of speed fixed in the statute,* such rate of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and prudent having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person.

The statute was construed as forbidding the operation of motor vehicles at a speed greater than is reasonable and prudent having regard to the traffic and use of the way and declaring what speed shall be prima facie unlawful under each of five sets of circumstances set out in the statute.

In Gallaher v. State, supra, the Indiana Supreme Court concluded that the statute taken as a whole defined the offense forbidden by it with certainty to the degree that persons who read it may know exactly what evil is intended to be prohibited, and that it fixes a standard of guilt by which an accused person may know the nature and cause of the accusation against him, and was not invalid.

In Smith v. State, supra, the same court said that the statute considered in its entirety clearly fixes a standard of care to be observed by the operator; that the statute placed on the State the burden of proving that the accused was driving at a speed exceeding the maximum set by the statute and the fact that proof of such speed is made prima facie rather than absolute evidence of guilt serves only to permit a defendant to show, if he can, that under all the circumstances, the speed at which he was driving was not unreasonable or imprudent,

or sufficient to endanger the person or property of another.

The Supreme Court of Illinois, in People v. Beak, 291 Ill. 449, 126 N.E. 201, 202, in upholding a statute almost identical with the Indiana statute, said:

"If the only provision of section 10 were its first sentence, there might be some merit in the argument of counsel that the construction of the statute is subject to conjecture. The section further provides the exact speed which if exceeded in various classifications of localities shall be prima facie evidence of a violation of the law, and the evidence of plaintiff in error himself clearly indicates that he was violating the provisions of the statute as to the speed at which he was traveling at and just before the time he was arrested by the officer. * * * The statute is sufficiently clear on the actual questions involved to inform anyone what the Legislature intended to prohibit and punish."

The holding in the above cases by the Supreme Courts of other states is that a statute prohibiting under penalty the driving of a vehicle on the highway at a speed greater than is reasonable and prudent, having regard to the traffic and use of the way, and specifying what speed shall be prima facie unlawful under designated circumstances is not void for uncertainty. 29 A.L.R. 1066 note; 26 A.L.R. 897, 898. Such holding appears to be in accord with reason. We are aware of no authority to the contrary.

We conclude that the provisions of Subsection 1(b) fixing a 60 mile speed limit and providing that any speed in excess thereof shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful, renders the 1951 amendment and re-enactment of Art. 827a, Sec. 8, V.A.P.C. sufficiently definite as applied to one who drives a vehicle at a speed in excess of 60 miles per hour on any highway of this

State. The contention that it is vague and indefinite, and therefore void, is overruled.

Appellant's motion for rehearing is overruled.

## On Appellant's Second Motion for Rehearing

MORRISON, Presiding Judge.

The writer concurred in the majority opinion on appellant's motion for rehearing. After more mature study and in the light of appellant's brief, I have concluded that there is a serious question as to the soundness of the reasoning therein contained. I do, however, remain convinced that the original opinion on appellant's motion to reinstate the appeal properly disposed of this case.

As stated in such opinion, this Court need not pass upon the constitutionality of the present statute because, under the stipulations of fact in the record, it is established that the appellant did drive a motor vehicle at a speed in excess of sixty miles per hour upon a public highway in Reagan County, Texas. If the Act of 1951 as amended in 1955 is constitutional (and upon this question I do not commit myself), then the appellant is guilty under the provisions of that Act. If, in a case in which such holding became necessary, the Act of 1951 as amended in 1955 should be held to be unconstitutional, then the appellant would still be guilty under the 1941 Act.

Judge WOODLEY'S views are those stated in his opinion on rehearing, but he agrees with the writer that if the amendments of 1951 and 1955 are void, the conviction should be upheld as a prosecution under the 1941 Act. We so held in Judge DICE'S opinion on original submission and have not departed from that view.

Appellant's second motion for rehearing is overruled.

DAVIDSON, Judge (dissenting).

Because this conviction rests upon a statute that is void and unenforceable, being in violation of the Constitution of this state and of the due process clause of the Fourteenth Amendment to the Federal Constitution, I cannot agree to this affirmance.

I respectfully enter this dissent, as an addition to that heretofore filed.

The offense for which this appellant was convicted is charged in the information as follows:

"Omar Blake Rowland did then and there unlawfully operate and drive a motor vehicle, to-wit, a Chrysler automobile at an unreasonable and imprudent speed under the conditions then existing, to-wit, 90 miles per hour, which was then and there a speed greater than was reasonable and prudent, on a public highway of Texas, said highway being a part of the State highway system and not situated within the limits of an incorporated city or town and on which the State Highway Commission, by an order entered on its minutes, had determined, upon an engineering and traffic investigation, the prima facie reasonable and prudent and safe speed limit applicable, at such time and zone or place, to be 60 miles per hour, as designated and identified by signs erected by the State Highway Commission * * *."

That such allegation charged a violation of Sec. 8 of Art. 827a, Vernon's P.C., as amended in 1951 and 1955, is, to my mind, not subject to debate.

The aforesaid article will hereafter be referred to merely as Art. 827a.

The judgment of the trial court was affirmed by a majority of this court on January 30, 1957, by the adoption of the opinion of Commissioner DICE of this court. The affirmance was therein predicated upon the proposition that if Art. 827a was void

and unconstitutional—as appellant insists—then Art. 827a as it existed in 1941 and prior to the amendment thereof in 1951 furnished the basis for this prosecution and the conviction could be predicated upon and upheld under that statute.

The opinion of Commissioner DICE speaks for itself, and I need not further detail the holding therein.

To that holding I filed a dissent, which also speaks for itself.

To the affirmance under the DICE opinion, appellant filed a motion for rehearing.

On April 3, 1957, the motion for rehearing was overruled by a majority of this court in an opinion by Judge WOODLEY. That opinion and the reasons therein set forth for the overruling of the motion for rehearing speak for themselves, and I need not here detail the holding.

To the order overruling his motion for rehearing, appellant filed his second motion for rehearing.

That second motion for rehearing is to-day overruled in an opinion by Presiding Judge MORRISON, in which he refuses to agree to an affirmance of the conviction for the reasons ascribed by Judge WOODLEY in his opinion of April 3, 1957, but does agree to the affirmance of the conviction for the reasons assigned by Commissioner DICE in his opinion of January 30, 1957, which holds that the conviction could be had under Art. 827a as it existed in 1941.

To the correctness of those opinions I do not and can not agree. I do agree, however, to that part of Judge WOODLEY'S opinion wherein he says:

"To be consistent with the decisions and reasoning in the prior opinions of this Court we would be required to hold that the basic rule set out in Subsection 1, above quoted, standing alone and without the prima facie speed provisions is so indefinite and of such uncertain construction that it cannot stand as a penal statute."

The correctness of that statement, as shown by the prior decisions of this court, furnishes reason number one why this statute is void and unenforceable.

The prima facie evidence feature of the statute upon which Judge WOODLEY predicates his holding cannot be utilized to make valid a statute that is void.

This court finds itself in this position: One judge (WOODLEY) holds that Art. 827a as it presently exists and as it existed at the time of this prosecution is a valid statute in so far as it makes unlawful the operation of a motor vehicle over the highways of this state at a greater rate of speed than sixty miles per hour. The validity of Art. 827a is not tested as to other provisions thereof. Another judge (MORRISON) does not agree to the soundness of the WOODLEY opinion and refuses to affirm this case for the reasons therein assigned. Rather, he agrees to the affirmance for the reasons assigned in the DICE opinion, which states that if the present statute be invalid the prosecution and conviction could be sustained as a violation of Art. 827a as it existed in 1941. The third, or remaining judge (the writer hereof) agrees with the contention of the appellant that Art. 827a as it presently exists is void and unenforceable because it violates the Constitution and laws of this state and the Federal Constitution.

It is my conviction that there exists no valid statute which makes unlawful the acts charged against this appellant by the information in this case and for which he has been convicted.

The only thing the majority of this court here decide is that the judgment of conviction should be affirmed. The opinions delivered are authoritative only for that purpose.

From the very inception of this case the appellant has insisted, both in the trial court and here, that Sec. 8 of Art. 827a is void and unenforceable because it violates and is in contravention of the Consti-

tution and laws of this state and of the due process clause of the Federal Constitution.

This court has not passed upon those contentions. The statute under which this conviction occurred is neither upheld nor condemned. Unless and until this court passes upon appellant's contentions, he has been denied the full right of appeal as guaranteed by the Constitution and laws of this state. His contentions ought to be either sustained or overruled. If the statute is valid this court ought to say so; if it is invalid it should say so.

The fact that this court has not said one way or the other is, within itself, a sufficient reason for reversing this conviction, because no man should suffer a conviction under a statute which a majority of this court cannot say is valid and enforceable. Reasonable doubt and the presumption of innocence, it appears to me, would preclude an affirmance of this case under such conditions.

I address myself now to a discussion of the validity of Art. 827a, as against the contention that it is vague and indefinite and is, therefore, invalid:

Subsection 1 of Sec. 8 of Art. 827a, Vernon's P.C., is set forth in the opinion dated April 3, 1957. It will therefore not be here copied.

It is my opinion that the sole and only act made unlawful by said section is the driving of a vehicle on a highway "at a speed greater than is reasonable and prudent under the conditions then existing." I am of the further opinion that the quoted language is so vague, indefinite, and uncertain as to render that part of the statute invalid and wholly inoperative, because men of common intelligence must guess as to what is meant by "a speed greater than is reasonable and prudent under the conditions then existing," and differ as to its application.

It has been the consistent holding of this court throughout the years that a vague, indefinite, and uncertain statute is invalid.

That holding was required by the express provisions of Art. 6 of our Penal Code, which reads as follows:

"Unintelligible law not operative. Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

The following authorities sustain and support the rule stated: Ex parte Chernosky, Tex.Cr.App., 217 S.W.2d 673; Ex parte Slaughter, 92 Tex.Cr.R. 212, 243 S. W. 478, 26 A.L.R. 891; Griffin v. State, 86 Tex.Cr.R. 498, 218 S.W. 494; Cinadr v. State, 108 Tex.Cr.R. 147, 300 S.W. 64; Dockery v. State, 93 Tex.Cr.R. 220, 247 S. W.2d 508; Ex parte Leslie, 87 Tex.Cr.R. 476, 223 S.W. 227; Overt v. State, 97 Tex. Cr.R. 202, 260 S.W. 856; Ex parte Wilmoth, 125 Tex.Cr.R. 274, 67 S.W.2d 289.

The correctness of the holding in those cases has not heretofore been questioned.

Under those authorities Art. 827a is vague and indefinite and in violation of Art. 6, P. C.

It is easy to conceive that various and different opinions would be held by men of ordinary intelligence upon the question of when a vehicle was operated in a reasonable and prudent manner at a given time and place. In order to know when a vehicle is operated at a greater speed than is reasonable and prudent, one must necessarily know what constitutes a reasonable and prudent operation of the vehicle under given conditions and circumstances.

When the meaning of "reasonable and prudent" rate of speed is determined under any given fact situation, the law is thereby for the first time declared.

So then, if there be any law in this state governing the rate of speed at which vehicles may be operated over the highways,

it is not an act of the legislature but is the opinion, viewpoint, idea, whim, or caprice of some individual or set of individuals who thereby declares the law of this state.

In practical application, each individual who has any part in the arrest, prosecution, or conviction of one charged with a violation of the speed laws must first determine whether there be a law from a given state of facts as viewed by him and then determine from those same facts whether the accused has violated that law. The last individual or set of individuals to make that determination—that is, judge or jury—may, by determining that there is no law making unlawful the acts of the accused, thereby set aside the prior contrary determination of others.

Such being true, there could be, under such circumstances, no definite law fixing the rate of speed at which a vehicle would be unlawfully operated.

The statute creating the offense is not invalid solely because it is vague and indefinite; it is invalid for the further reason that it is in violation of Sec. 56 of Art. III of the Constitution of this state, Vernon's Ann.St., which prohibits the legislature from passing a special or local law where a general law can be made applicable.

Any offense denounced by Subsection 1 of Sec. 8 of Art. 827a depends upon the "conditions then existing." In other words, if the conditions existing do not render or make the rate of speed unreasonable or imprudent, there exists no statute to be violated. The conditions existing when and where the vehicle is driven are therefore a necessary element and a part of the offense, without which it cannot be said that a law has been violated or that there exists a law which makes unlawful those acts.

So then we have, here, no general statute by the legislature which makes unlawful the operation of a motor vehicle at a speed greater than is reasonable and prudent, but, rather, such is made unlawful only when committed at a particular time and under special conditions and circumstances. It is apparent that such a law is a special law.

An act committed in a given circumstance or condition can occur but once. The same act committed at some other time or place would not be the same, because circumstances and conditions have changed. The statute here involved is therefore a special law making unlawful an act committed only at one time and, then, under special conditions and circumstances. That such law violates Art. III, Sec. 56, of the Constitution of this state is apparent.

I come now to a discussion of the prima facie evidence feature of the statute:

As pointed out in the opinion by Judge Woodley, Subsection 1(b) of Sec. 8 of Art. 827a provides that " * * * any speed in excess of the limits specified in this subsection or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful * * *." A limit of sixty miles per hour is fixed as the prima facie speed.

It is insisted, and Judge WOODLEY agrees, that such prima facie rule constitutes Art. 827a a valid statute making it unlawful to operate a motor vehicle over the highways of this state at a rate of speed in excess of sixty miles per hour.

To that contention by the state I do not agree.

The prima facie evidence rule is nothing more or less than a rule of evidence; it is not a rule of substantive law. It has reference and applies only to the mode or manner by and through which facts essential to the conviction might be established. 20 Am.Jur., Evidence, Sec. 4, page 35, defines the term as follows:

> "The term 'prima facie evidence' which frequently appears in cases, denotes evidence which, if unexplained or uncontradicted, is sufficient in a jury case to carry the case to the jury and to sustain a verdict in favor of

the issue which it supports but which may be contradicted by other evidence, and is thus distinguished from conclusive evidence which the law does not allow to be contradicted."

The definition of that term, applied by this court, is in keeping with the above, and is as follows:

" 'Prima facie evidence means evidence which is sufficient to establish the fact, unless rebutted; evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced.' "

See: Ratliff v. State, 114 Tex.Cr.R. 142, 25 S.W.2d 343, 344, and Uptmore v. State, 116 Tex.Cr.R. 181, 32 S.W.2d 474.

In no event, then, could prima facie evidence be the medium through which a substantive rule of law could be promulgated or defined.

Being a rule of evidence, only, there must exist some fact issue upon which the rule might operate which necessarily presupposes, in a criminal case, an accusation under a valid statute and issues of fact joined.

As I have heretofore pointed out, there is, here, no valid statute regulating the speed of motor vehicles, and therefore there could exist no prosecution.

The prima facie evidence rule must be here construed as an act of the legislature prescribing a rule of evidence applicable in prosecutions arising under a void statute.

The statute, in attempting to define an offense, being void, no occasion or fact issue could therefore arise whereby the prima facie evidence rule could be applied or resorted to.

To ascribe and give to the prima facie evidence rule the effect of making a law or of making valid a statute which would otherwise be void would be contrary to one of the cardinal principles of statutory construction—which is that of legislative intent.

Had the legislature of this state intended to fix a definite speed limit in this state, it could very easily have said so. There would have been no occasion for the legislature to have relied upon intendment or supposition to accomplish that purpose. So the fact that the legislature did not fix a definite speed limit evidences its intention not to do so. The prima facie evidence provision of the statute cannot be gven the interpretation that it fixes a definite limit at which motor vehicles may be operated in this state. To so hold would be contrary to the legislative intent and would constitute judicial legislation.

The whole of the statute (Art. 827a) shows that the legislature never intended that the prima facie evidence feature thereof be considered or deemed as fixing speed limits in this state.

Regardless of the construction that is to be given to the prima facie evidence feature of the statute—that is, whether it is a rule of evidence only or a substantive law denouncing an offense—the fact remains that the legislature has delegated to administrative tribunals and agencies the right to fix the prima facie evidence rule.

It is obvious that such legislation is directly contrary to and violative of Sec. 1 of Art. II of the Constitution of this state, which prohibits the legislature from delegating to other persons or tribunals its legislative powers and the right to make, promulgate, and pass laws. Under that constitutional provision, the legislature and the legislature, only, has the power and authority to set forth, by statute, the acts that are unlawful in this state and to prescribe the rules of evidence by which an accused is to be tried for his liberty in the courts of this state.

Here, the legislature has not performed that function or exercised its legislative powers. To the contrary, it has delegated

to administrative tribunals the right to perform that legislative function. The attempt by the legislature to confer upon the Highway Commission, the commissioners courts, and the governing bodies of cities and towns the right to fix the prima facie speed limits is contrary to and in violation of the Constitution of this state.

When the legislature delegated to and conferred upon other tribunals the right to change the prima facie evidence rules it had promulgated, it authorized those tribunals to suspend the very laws it had passed. In so doing, it destroyed every vestige or reference to prima facie evidence in the statute. When other tribunals were delegated the power to change the prima facie evidence rule, the legislature surrendered all its power and authority to legislate thereon, and thereby nullified everything it has said or attempted to say thereon.

Another provision of our Constitution has been here violated: Art. I, Sec. 28, of the Constitution of this state reads as follows:

"No power of suspending laws in this State shall be exercised except by the Legislature."

When the legislature conferred upon administrative tribunals the unqualified and unlimited right to reduce the prima facie speed limit, it authorized and conferred upon those tribunals the right not only to suspend but to destroy any statute it had written fixing the maximum speed limit within the prima facie evidence rule, in direct violation of the above provision of our Constitution.

For the reasons assigned, there exists no prima facie evidence rule under Art. 827a, nor has the legislature defined or fixed by statute a definite speed at which motor vehicles are to be operated over the highways of this state.

There is another reason why the prima facie evidence rule, as fixed in the statute, may not and cannot be here utilized or relied upon by the state in this prosecution:

It will be noted that the information in this case alleges, among other things, that "* * * the State Highway Commission, by an order entered upon its minutes, had determined, upon an engineering and traffic investigation, the prima facie reasonable and prudent and safe speed limit applicable, at such time and zone or place, to be 60 miles per hour, as designated and identified by signs erected by the State Highway Commission * * *."

Under that allegation, the state relied not upon the prima facie rate of speed as fixed by the legislature but upon the prima facie speed that the Highway Commission had fixed, applied, and designated for that particular time, zone, or place.

The information having alleged that the Highway Commission had fixed the prima facie speed limit under the authority conferred upon it, the statutory prima facie speed limit is not here invoked and may not be relied upon by the state to sustain this conviction.

There is another and additional reason way Art. 827a is invalid:

Art. I, Sec. 9, of our State Constitution and the Fourth Amendment to the Federal Constitution expressly prohibit unreasonable searches and seizures. Titles 5 and 6, C.C.P., Vernon's Ann.C.C.P. arts. 212 et seq., 304 et seq.

By special legislation the legislature has authorized peace officers to arrest for traffic violations, without warrant, and this court has held that such statute applies to speed violations. The right to arrest carries with it the right to search the person and the vehicle. Richardson v. State, Tex.Cr.App., 294 S.W.2d 844; Brown v. State, 159 Tex. Cr.R. 306, 263 S.W.2d 261.

No statute or decision authorizes a peace officer to make an arrest or a search upon mere suspicion, belief, and opinion that an offense has been committed; an arrest or

search under such conditions is prohibited. Gill v. State, 134 Tex.Cr.R. 363, 115 S.W.2d 923; Burton v. State, 152 Tex.Cr.R. 444, 215 S.W.2d 180; Moore v. State, 107 Tex. Cr.R. 24, 294 S.W. 550; Giacona v. State, Tex.Cr.App., 298 S.W.2d 587.

Applying those rules here, it is apparent that if Art. 827a is a valid statute making it a violation of the speed laws of this state for one to operate a motor vehicle at an unreasonable and imprudent speed then a peace officer may arrest and search upon mere suspicion and belief, because the existence of an unlawful speed law depends, first, upon the supposition, opinion, idea, and belief of the peace officer, and, secondly, upon the supposition, opinion, idea, and belief of the peace officer that the facts constitute a violation of that statute.

If Art. 827a is void for indefiniteness, as I contend, it could not and would not furnish the medium for an arrest.

If Art. 827a be construed as a valid speed law regulating the speed of motor vehicles, then it is void because it authorizes an arrest and search upon mere suspicion and belief, in violation of our constitutional guarantees.

Does this conviction show a denial of due process?

The courts have often said that the meaning of due process is incapable of being expressed by a fixed or certain definition. One of the definitions of that term and one which I conceive to be entirely here sufficient is that a denial of due process has occurred when fundamental fairness necessary to the very concept of justice has not been observed. Newman v. State, 148 Tex. Cr.R. 645, 187 S.W.2d 559, and authorities there cited.

With that definition in mind, the question of a denial of due process is examined:

Here is, to my mind, a clear picture of what happened in this case and what could happen at any time under Art. 827a:

A policeman, a highway patrolman, a sheriff, or a constable, or any other peace officer observes an automobile being driven upon a public highway of this state. He decides that the automobile is being driven, under then existing conditions, at a greater rate of speed than is reasonable and prudent. Such conclusion is based upon his opinion and belief because of what he sees and observes. The actual rate of speed at which the automobile is traveling is not essential or controlling, but enters into the matter only in so far as it may be utilized by the officer in forming his opinion and belief. Because of that opinion and belief the officer concludes that Sec. 8, Subsection 1(a), Art. 827a, is being violated in his presence, so he proceeds to arrest the driver by ordering him to stop the automobile. By stopping the automobile, the driver is thereby arrested because he is under restraint by the officer. Art. 239, C.C.P. The officer then gives the driver a ticket showing that he is charged with having violated Art. 827a by driving at an unreasonable or imprudent speed. The driver is cited to appear in a designated court to answer that accusation. At the designated time the driver appears in court to answer the accusation. The officer testifies as to the operation of the automobile and the conditions existing at the time, and, upon that predicate, expresses the opinion that the driver was operating the automobile at an unreasonable and imprudent speed. The driver insists that, in his opinion, he was driving the automobile in a reasonable and prudent manner and that the officer was not justified in his opinion.

Under the testimony, the issue presented is whether the opinion of the officer showed an unlawful act on the part of the driver. In other words, is there a valid law in this state which says that the acts of the driver to which the officer testified were unlawful? The only way by which it could be said that such a law does exist would be to adopt, as the law, the opinion and idea of the officer.

But the judge or the jury trying the case do not agree with the opinion of the officer. They, or either of them, are of the opinion that the facts testified to by the officer do not warrant his conclusion that the driver was operating the automobile at an unreasonable or imprudent speed. Under that opinion, an acquittal of the driver is required, not because he did not commit the acts to which the officer testified but because, in the opinion of the judge or the jury, there was no law which made unlawful those acts.

Thus it is demonstrated that, under such procedure, the last individual or tribunal called upon or having authority to determine when a motor vehicle has been operated at an unreasonable or imprudent rate of speed makes that determination solely from his or its opinion, idea, and viewpoint, and not from any written law of this state.

So then we have in this state a statute which authorizes a conviction of one solely and alone upon the private opinion, idea, surmise, or supposition of one person who thereby not only announces what the law is but also determines that the facts upon which he bases that opinion show a violation of that law.

To guard against such a condition existing in this state, Art. 3 of our Penal Code was enacted. It reads as follows:

"Penalties must be affixed by written law. In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

Under that statute, this court has held that due process requires that a penal law must give reasonable notice as a predicate to punishment for a violation thereof. Ex parte Leslie, 87 Tex.Cr.R. 476, 223 S.W. 227.

I have no hesitancy in saying that if this conviction (in the instant case) evidences that fundamental fairness necessary to the very concept of justice in all criminal cases, then due process of law no longer exists, for none of the elements necessary thereto is shown to exist.

It is my opinion that this conviction is in violation of every principal of due process.

By the passage of Art. 827a, the legislature showed that it no longer desired to exercise its constitutional power to regulate the rate of speed at which motor vehicles were to be operated over the highways of this state, because it thereby transferred to and conferred upon certain tribunals of this state that power and authority.

The only lawful means whereby the legislature could have been relieved of that power, however, was by a vote of the people of this state amending our Constitution. Unless and until the people place the legislative power to write laws in tribunals other than the legislature, that power and duty remain fixed in the legislature. The legislature could not have been relieved of that power by enacting Art. 827a.

If it was the purpose and intent of the legislature, in passing Art. 827a, to give to all peace officers in this state the unqualified and unlimited right to arrest a citizen of this state, and search his person and possessions, for violating the speed laws, it should have—in all fairness—so framed the statute that reasonable men would have had no difficulty in understanding and knowing the acts which were made unlawful.

Art. 827a does not meet those requirements. Rather it authorizes an arrest and search upon a void statute, and upon the mere conclusion, suspicion, and opinion of the arresting officer, in clear violation of our constitutional guarantees against searches and seizures.

There is a principle of law that is deep-seated in our jurisprudence: that of the doctrine of judicial review, which means that the power to enact laws lies exclusively with the legislative branch of our government, while the power to determine whether those laws are valid lies exclusively with the judicial branch of our government.

The legislature has no right to pass laws which violate constitutional mandates.

The courts have no right to approve or uphold a law that violates the Constitution.

The expediency, the purpose, or the reason for the enactment of laws rests exclusively with the legislature.

The judiciary has no power to sustain or defeat a law because it is expedient to do so or because of the benefits which might result from sustaining the legislation or the evils that might result from a destruction thereof.

In the performance of the duty here imposed upon me to determine the validity of Art. 827a, these principles are constantly in my mind.

Having reached the conclusion that Art. 827a is void and of no force and effect, I must so declare, in obedience to my oath of office as a judge.

While it may be expedient and a matter of considerable importance to this state that the speed of motor vehicles be limited and regulated, yet such regulation must come from the legislature by a valid law.

I realize that a dissenting opinion has no authoritative value. About the only persons who are benefited thereby are the writer and those who would be helped, if the views expressed herein were controlling.

I further realize that this is a case of no great concern when measured by the punishment inflicted, but, when measured by the questions presented and determined, it is a case of great moment and concern to the jurisprudence of this state and its citizenship, because certain guarantees and mandates contained in our Constitution are either effective or they no longer exist.

In writing this dissenting opinion it is my purpose to do what I can to preserve, protect, and defend the Constitution of this state and, in the furtherance of that purpose, I make no apology for expressing my views at length.